(No. 36711.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDDIE WILLIAMS, Plaintiff in Error.

*Opinion filed November 30, 1962.*

TED J. FIFLIS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Eddie Williams, was convicted of murder after a jury trial in the criminal court of Cook County and was sentenced to the penitentiary for life. On this writ of error he contends that both the incompetency of his counsel and improper argument of the prosecutor denied him a fair trial, and that two confessions he signed were improperly admitted into evidence.

For the purposes of this writ of error, where the sufficiency of the evidence to support the verdict is not challenged, it is enough to say that the victim of the homicide was a woman with whom defendant had formerly lived as husband and wife, and that he fatally stabbed her, outside the presence of any witnesses, during an argument which

arose after he importuned her to resume their meretricious relationship. These facts were embodied in the two written and signed confessions given by defendant to the authorities, and we shall first direct ourselves to the contention that such confessions were improperly admitted into evidence.

Background facts essential to this phase of the review show that the first confession was given to police officers Jones and Seaberry, while the second was made in the presence of the same two officers together with Edward C. Riordan, an assistant State's Attorney, and Emmett Smith, a shorthand reporter. After the latter's notes had been transcribed, another assistant State's Attorney, Joseph A. Weber, was present with Riordan when the second document was signed by defendant. All of those named, except officer Seaberry, were produced as witnesses at the trial. The defendant, who denied his guilt on the witness stand, admitted that he had signed the two statements, but testified that he had not read them and that they had not been read to him.

It is now a familiar rule in this jurisdiction that a confession is not admissible in evidence if the defendant raises the objection that it was obtained by duress unless each material witness on the issue is either produced or his absence explained. (*People* v. *Sims*, 21 Ill.2d 425; *People* v. *Dale*, 20 Ill.2d 532.) No contention has been made in this case, either here or in the court below, that defendant's confessions were involuntarily given so as to bring the rule into operation. However, seeking to gain some benefit from the failure of officer Seaberry to appear as a witness at the trial, defendant claims that his confessions were induced and procured by fraud and argues that the same rule as to the production of material witnesses should apply. The objection of fraud in the inducement or procurement was never made and there is no proof which sustains the charge of fraud.

Defendant admitted that he had signed several statements after his arrest and, if we understand his position correctly, his theory of fraud is predicated on a claim that he did not know what he was signing. In this regard, it was defendant's testimony that he could read a little, but that he had not read either statement or had them read to him. For the prosecution, however, officer Jones testified that defendant had read the first statement before signing it, while assistant State's Attorney Weber testified he had read the second statement to defendant before the latter affixed his signature thereto. While the evidence is in conflict, we cannot say that the bare denials by defendant, who admitted that he could read and that he signed the statements, were sufficient to raise an issue that the confessions had been induced and procured by fraud.

During the course of his opening statement to the jury the prosecutor, after first summarizing the facts the State intended to prove, then asserted: "I am sure after you have heard this case, you will feel as we do that defendant is guilty as charged." Again, upon the occasion of his final summation, the prosecutor concluded by saying: "* * * then coupling all that with statements made by defendant, I think that when you go back there, you will reach the same conclusion that we have reached, and that is that Eddie Williams is guilty of the charge of murder." While no objections were made to these remarks at the trial, defendant now contends they were in violation of the rule which prohibits a State's Attorney from expressing his personal opinion of guilt and require reversal. (See: *People* v. *Anderson*, 406 Ill. 585, 592 *People* v. *Hoffman*, 399 Ill. 57, 65; *People* v. *Rothe*, 358 Ill. 52, 56.) It is, however, proper for a prosecutor to argue or express his opinion that the accused is guilty, where he states, or it is apparent, as was true in this case, that such opinion is based solely on the evidence. *People* v. *Lawson*, 331 Ill. 380, 394; *People* v. *Black*, 317 Ill. 603; 15 I.L.P., Criminal Law, sec. 586.

Objection is also made for the first time in this court to portions of the prosecutor's final argument wherein he commented upon the victim's wound and the force required to inflict it; upon defendant's flight from the scene while his victim lay dying; upon the lack of witnesses to the crime; upon the past relationship between the decedent and the accused; and, finally, wherein he labeled the crime as vicious and exhorted the jury that it should not go unpunished. Taken in context with the entire argument, and measured by the evidence in the record, we cannot agree with defendant that these comments exceeded proper bounds. While it is improper for a State's Attorney to make statements the only effect of which is to inflame the passions or develop the prejudices of the jurors without throwing light on the issues, he may nevertheless draw inferences unfavorable to defendant if based on the evidence, and he may reflect unfavorably on the accused and denounce his wickedness even to the point of invective. Further, it' is always proper for the prosecutor to dwell on the evil results of crime and to urge fearless administration of the law. *People* v. *Halteman,* 10 Ill.2d 74; *People* v. *Moore,* 9 Ill.2d 224.

The remaining issue to be considered is defendant's contention that the incompetency of his selected counsel denied him due process of law and, in advancing such contention, defendant is aware of the repeated holdings of this court that the incompetency of counsel of one's own selection cannot give rise to a claim of a denial of due process unless the representation was of such caliber as to reduce the proceedings to a farce and a sham. (See: *People* v. *Cox,* 12 Ill.2d 265; *People* v. *Clark,* 7 Ill.2d 163; *People* v. *Morris,* 3 Ill.2d 437.) He contends, however, in the alternative, that his representation below was so neglectful as to amount to no representation at all, or that, in this case, considerations of fundamental fairness require us to make

an exception to the rule applicable where an accused selects his own counsel.

A critical examination of the record, which reveals a desperate case insofar as the defense was concerned, does not permit a conclusion that defendant's trial representation was such as to reduce the proceeding to a farce or sham. We see no indications of fatal incompetence in the circumstance that one of defendant's character witnesses proved incompetent to testify, nor in the suggestion of present counsel that a plea of self-defense might have been pursued. A question of the election of trial strategy can be of no moment to a claim of a denial of due process and, moreover, there appears to have been a complete absence of any testimony or circumstances which would reasonably justify a plea of self-defense. In addition, the chief bases for the charge of inadequate representation are, first, that counsel did not move for defendant's discharge under the "four-month" statute and, second, present counsel's interpretations of the record as showing that trial counsel had not read defendant's confessions prior to trial. With regard to the first premise, however, it is now conceded in defendant's reply brief that he was not entitled to discharge; as to the second, when the entire report of proceedings is examined it is our opinion the record is not susceptible to such an interpretation as counsel makes.

To support the contention that we should here make an exception relieving defendant of the responsibilities which attach to his own selection of counsel, there has been appended to defendant's reply brief a report of a grievance committee, acting as commissioners of this court, wherein there were findings that trial counsel, in several instances, both civil and criminal, had not performed services commensurate with the fees he charged, or that he had neglected to fully complete the work, or, in one instance, that he had converted the money of a client. Some of the charges which

produced these findings occurred prior to the trial of the instant case, while others occurred afterwards. It is defendant's contention that these findings of the commissioners show a clear cut pattern of neglect on the part of trial counsel, and he asks that we attribute the same neglect to counsel's handling of this case. The competence of counsel in this proceeding must necessarily be decided solely upon the record in this case and, as already concluded, we do not find that his representation of defendant was of such caliber as to reduce the proceeding to a farce or sham.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*