**People of the State of Illinois, Plaintiff-Appellee, v. Clarence Hill, Defendant-Appellant.**

**Gen. No. 51,954.**

First District, Second Division.

September 17, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Nunzio Tisci and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant was charged with theft by deception. Ill Rev Stats (1965) c 38, § 16–1(b). A jury found defendant guilty of the crime charged, and he was sentenced to the Illinois State Penitentiary for three to eight years. Defendant appeals to this court, alleging three errors: (1) that the closing argument of the state's attorney was prejudicial; (2) that he was unduly limited in his cross-examination by not being supplied with a statement of

the complaining witness; and (3) that evidence of separate and subsequent offenses was improperly introduced and admitted into evidence.

The complainant testified that she met the defendant about noon on the 18th day of April, 1966, at 43rd and Prairie, Chicago. She had never seen him prior to this occasion. Defendant told her that he had just arrived from Algeria, that he was a stranger to Chicago, and that he was looking for a place to stay. Another man passed, and was asked by defendant if he knew of an apartment. Defendant asked complainant if she knew the other man, and she replied that she did not. The two men, after walking down the street a while, took the complainant into a vestibule, where defendant took $163 from the complainant's pocket, stating that he was going to put his money with hers for safekeeping. Defendant left for a moment, returning with a balled-up handkerchief which he put in complainant's bosom. After walking some more, defendant stated to complainant that he was going to get his things and that he would come back to her house to pick up his money. After both men left her, complainant discovered that the handkerchief contained newspaper rather than money.

The State called three other witnesses who were victims of defendant's deception. The facts of all the occurrences were substantially similar. Defendant would state that he was looking for a place to stay, that he had just come into Chicago, and that he had a substantial sum of money. He would then ask the witness if she would hold his money with hers for safekeeping while he went to get his things. He would leave the presence of the witness for a while, return with a balled-up handkerchief which he put in the victim's bosom. Shortly after the occurrence, all the witnesses would discover that their money was gone. These three occurrences took place at least a month after the crime with which defendant was charged.

Defendant did not testify, and no further evidence was presented.

Defendant's first contention on appeal is that the closing argument of the state's attorney was prejudicial in that he expressed his own opinion of defendant's guilt. In closing argument, the state's attorney said:

> "I'm sure, ladies and gentlemen, based on what you have heard from the witness stand, over the last two days, you probably have already made up your mind as to the guilt or innocence of the defendant. The guilt of the defendant may be obvious to we attorneys, as we listened to the case. To you lay people sitting on a jury, perhaps some of the things which you have heard from the witness stand were a little bit dubious or unclear. For that reason I would like to clarify a few little things."

Defendant's counsel made no objection at the time the remarks were made.

■ A prosecutor may not express his personal opinion as to the guilt of the defendant as such an opinion leaves the impression that it is based upon factors not in evidence. People v. Provo, 409 Ill 63, 97 NE2d 802 (1951); People v. Anderson, 406 Ill2d 585, 94 NE2d 429 (1950). However, the prosecutor may express such an opinion when it is based solely on the evidence in question. People v. Jackson, 35 Ill2d 162, 220 NE2d 229 (1966). In People v. Williams, 26 Ill2d 190, 186 NE2d 353 (1962) the state's attorney in his closing argument stated ". . . coupling all that with statements made by defendant, I think that when you go back there, you will reach the same conclusion that we have reached, and that is that Eddie Williams is guilty of murder." In holding that such a statement was not prejudicial, the court stated at page 193:

"It is, however, proper for a prosecutor to argue or express his opinion that the accused is guilty, where he states, or it is apparent, that such opinion is based solely on the evidence."

█ It is clear that the opinion expressed by the state's attorney in the instant case was based on the evidence, and the statement did not suggest that it was based on his personal knowledge of material at his disposal which had not been introduced in evidence. As he stated, his opinion was reached as he "listened to the case." The remarks were proper.

The defendant next argues that he was unduly limited in his cross-examination because he was not furnished a copy of a statement made by the complaining witness. During the cross-examination of the complainant, the following colloquy took place:

"Q. Did you talk to the police about this? Did you sign any statement at the police station?

"A. Yes. I signed—I called the police officers.

"Q. Did you sign a statement?

"A. Yes, I did.

"State's Attorney: Will counsel clarify what he means by 'statement?'

"Defense Attorney: I think you know what I mean by a statement.

"State's Attorney: For the record, your Honor, this witness has signed no written statement.

"Second State's Attorney: She signed a complaint. She didn't sign any statement.

"Defense Attorney: She just said she signed a statement, counsel.

"State's Attorney: Does the witness know what is meant by a statement?

"The Court: Ask her.

"Defense Attorney: Q. Did you tell the police officer what happened?

"A. Yes, I told the police officer.

356

"Q. Then he put it down in writing?

"A. Who? The police officer?

"Q. Yes.

"A. Yes, he did.

"Q. Did you sign it?

"A. I don't know whether I signed it or not. I know I signed it because—

"Q. Did the police officer ask you a series of questions and answers?

"A. Yes. How he looked.

"Q. And, as you told him the answers, was he writing it down?

"A. Yes he did.

"Q. After he got finished doing that, did you sign it?

"A. Yes, I guess I did.

"Defense Counsel: I believe the witness is referring to a signed statement.

"State's Attorney: We have no signed statement in our possession.

"The Court: The State will go into this on re-direct.

(The following took place out of the presence of the jury.)

"The Court: Do you have the complaint here?

"State's Attorney: The complaint itself? No.

"The Court: You can show it to the witness.

"State's Attorney: We have the officer here, if the court wants to ask him.

"The Court: As long as you clear it up for the record. Don't leave it in this condition.

"State's Attorney: No. We will ask the officer if there was a statement."

After this discussion, no other testimony was adduced nor any comment made during the remainder of the trial as to the existence of a prior statement of the complainant.

██ Defendant is entitled to the production of a prior statement after a showing that such a statement exists.

People v. Neiman, 30 Ill2d 393, 197 NE2d 8 (1964). However, the defendant must first lay a foundation that the statement of the witness exists. People v. Golson, 37 Ill 2d 419, 226 NE2d 610 (1967) ; People v. Wolff, 19 Ill2d 318, 167 NE2d 197 (1960).

■ Defendant failed to establish the existence of any prior statement made by the complainant. It is evident from the testimony that the witness was not sure as to what she had signed, and the State repeatedly denied having any such statement in its possession. Defendant did not request that the court inspect the police file nor did he call any of the arresting officers to determine the existence of a statement. In fact, during trial, the defendant did not request that the State produce the statement. He can not now claim that his cross-examination of the complainant was improperly restricted.

Defendant finally contends that evidence of other crimes was improperly admitted, objecting to the testimony about offenses which occurred approximately one month after the crime with which he was charged.

■■ It is the general rule that evidence that a defendant had committed a crime, independent of the one charged, is not admissible, but there are exceptions to this rule, and among such exceptions is that of the proof of other crimes tending to establish motive, intent, absence of mistake or accident, identity, and a common scheme or plan so connected that proof of one tends to prove the accusation. People v. Priola, 395 Ill 269, 70 NE2d 46 (1946).

■ Defendant concedes that similar offenses which occurred prior to the alleged crimes may be introduced into evidence to show intent, but argues that offenses which occurred subsequent to the alleged crime are inadmissible, citing People v. Chronister, 379 Ill 617, 41 NE 2d 750 (1942) ; People v. Moshiek, 323 Ill 11, 153 NE 720 (1926), which so held. The rationale of those cases was

that proof of offenses subsequent to the alleged crime was contrary to the presumption of innocence, and could not establish a guilty intent on a prior occasion. However, in People v. Lehman, 5 Ill2d 337, 125 NE2d 506 (1955), the court allowed evidence of other armed robberies committed subsequent to the offense charged. In that case, the court stated:

> "Defendant suggests that a distinction is to be drawn between prior and subsequent offenses. There are decisions making that distinction where the question at issue is one of knowledge or intent. But here the question is whether the defendant's conduct evidenced a peculiar plan to commit a particular offense, and we see no reason to exclude conduct occurring subsequently."

The Supreme Court allowed evidence of other offenses preceding and following the one charged in a prosecution for a confidence game. People v. Glenn, 415 Ill 47, 112 NE2d 133 (1953). The court also allowed evidence of subsequent offenses in an indecent liberties prosecution. People v. Richardson, 17 Ill2d 253, 161 NE2d 268 (1959).

In the case at bar, the state's attorney stated in closing argument:

> "The only purpose for presenting to you these other three witnesses was to show you the intent of the defendant, . . . to show you that in each case Mr. Hill acted in a similar manner to arrive at a similar result."

Furthermore, the court instructed the jury that:

> ". . . proof of the commission of other crimes is proper for the sole purpose of showing intent and a common scheme or design. Except for that limited purpose, proof of other crimes is not to be ac-

cepted by the jury as evidence of guilt of the offense charged in the indictment."

 Under the reasoning of People v. Lehman, supra, the evidence of other offenses was admissible to show a common scheme. The subsequent acts were almost identical to the charge of theft by deception for which he was tried. Evidence which tends to show a common design in a sequence of crimes necessarily must tend to show the intent of the defendant, since it is difficult to conceive of a common design without intent. The jury was cautioned by the Court and by the prosecutor as to the limited purpose of the evidence. The evidence was properly received.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.