THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES EASTLAND, a/k/a NOLAN BROWN, JR., a/k/a NOLAN GENE BROWN, a/k/a WILLIE FOUTHER, III, Defendant-Appellant.

(No. 11895; ▇▇▇▇▇▇▇▇▇)

Fourth District—May 9, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Patrick M. Walsh, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Charles Eastland, a/k/a Nolan Brown, Jr., a/k/a Nolan Gene Brown, a/k/a Willie Fouther, III, was indicted for theft of property of value exceeding $150 in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 16-1(a)(1). The indictment charged the defendant with theft of a 1972 Oldsmobile 98, four-door sedan in that he "* * * knowingly exerted unauthorized control * * *" over the vehicle, "* * * intending to deprive said owner permanently of the use or benefit of said property * * *". Defendant was convicted, after trial by jury, and sentenced 2 to 6 years.

■■■ The jury returned the following verdict, "We the jury, find the defendant, Nolan Brown, Jr., guilty of Theft of Property." Defendant asserts error in the sentence imposed since there was no finding by the jury that the value of the property was in excess of $150. Defendant did not object to the form of verdict during the conference on instructions, nor was the contention raised in the post-trial motion, and the question is not preserved for appeal. We note, however, that no issue was raised, during the trial, as to the value of the automobile. Also, the jury was instructed that defendant was charged with theft of property exceeding $150 in value, and under the rule of *People v. Harden*, 42 Ill.2d 301, 247 N.E.2d 404, there was no error.

■■ Defendant also contends that it was error to give Peoples Instructions Nos. 12 and 13, which are I.P.I. Criminal 13.01 and 13.02. We have heretofore set out the allegations of the indictment which contained the language of the statute set forth in chapter 38, section 16-1 (1) to the effect that the defendant intended to deprive the owner permanently of the use and benefit of the property. The two instructions in question also contained the language set forth in sub-par. (3) of the statute which contains the words "* * * conceals, or abandons * * *". He argues that instructions given should be confined to the facts and the law in the case. In view of the evidence adduced the jury could not have been misled by the instructions. There was no evidence of "concealment or abandonment" and no substantial error occurred. In addition, no objection was made to the instructions at the time of the instruction conference nor was there alleged error raised in the

post-trial motion and the point is not properly preserved for review. *People v. LeMay,* 35 Ill.2d 208, 212, 220 N.E.2d 184.

■■ Defendant also complains of a question asked him by the State's Attorney. The exchange between the State's Attorney and the defendant which led up to the question are as follows:

"Q. Well, if you weren't in your right mind and you can't remember anything how are you able to say that you didn't take it?

A. I just know I didn't take it.

Q. How do you know?

A. I know I didn't.

Q. Well how?

A. How do you know I did?

Q. I know you did, Mr. Eastland, but you are on trial. I am asking how you know you didn't take it?

A. I know I didn't take that car."

Defendant argues that the words "I know you did, Mr. Eastland * * *" was prejudicial since the jury might have concluded that the State's Attorney had private knowledge of the defendant's guilt. We observe that no objection was made to the question nor was the point raised in defendant's post-trial motion and the alleged error is not preserved for review. Additionally, in *People v. Williams,* 26 Ill.2d 190, 193, 186 N.E.2d 353, the State's Attorney in his opening statement and in closing argument stated his own opinion of defendant's guilt. as follows: "I am sure that after you have heard this case, you will feel as we do that defendant is guilty as charged", and further stated to the jury "* * * I think that when you go back there, you will reach the same conclusion that we have reached, and that is that Eddie Williams is guilty of the charge cf murder." In disposing of defendant's contention that the rule prohibits a State's Attorney from expressing his personal opinion of guilt and that such violation required reversal, the court said, "It is, however, proper for a prosecutor to argue or express an opinion that the accused is guilty, where he states, or it is apparent, as was true in this case, that such opinion is based solely on the evidence." Here the evidence of guilt is overwhelming and the question did not constitute reversible error.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.