THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN D. CAMPBELL, Defendant-Appellant.

(No. 11917; ▮▮▮▮▮▮▮▮

Fourth District—July 12, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In a jury trial, defendant was found guilty of aggravated battery. He was sentenced to 1-3 years in the penitentiary. On appeal defendant contends that he was denied a fair and impartial trial due to the prosecutor's

prejudicial closing argument. In addition, he contends that the jury was given a conflicting set of instructions. The offense arose from an incident which took place on the evening of October 31, 1971, in the Macon County jail. Defendant, along with four other men, was taken to the jail for booking and was told to go to the "bullpen", which was a room containing a television and chairs where the men were to await being processed into their cells. When defendant became unruly, the deputy attempted to move him to an isolation cell, and a fight broke out between the two men. The bulk of the testimony in the record relates to the question of which man started the altercation. A detailed discussion of the evidence is not necessary in order to consider the issues raised on appeal.

■■ We will consider first the assertion that the argument was prejudicial. In general, counsel may not make comments calculated to create, arouse, or inflame the sympathies, prejudices, or passions of the jury to the detriment of an accused. Tactics such as these produce no benefit for the State since a conviction will not stand where it appears that the jury's verdict may have been influenced by improper argument. (*People v. Naujokas*, 25 Ill.2d 32, 182 N.E.2d 700.) In considering whether improper argument constitutes prejudicial error, the reviewing court will determine whether the verdict of the jury would have been otherwise had the improper remarks not been made. *People v. Davis*, 46 Ill.2d 554, 264 N.E.2d 140.

■■ There are three objections to the State's closing argument. First, the prosecutor stated: "* * * [I]t is Willis Coleman's duty to make sure that the prison doesn't have a riot such as we have heard about in the news lately." Defense counsel's general objection to this statement was sustained without further comment by the court. This comment apparently referred to prison riots of September 1971, the mention of which was irrelevant to the issue of defendant's guilt. However, the objection was sustained, and in light of the overwhelming evidence against defendant, it cannot be said that the jury's verdict was affected by this remark.

■■ Second, defendant contends that the state's attorney erroneously appealed to the sympathy and fears of the jury when he said: "And I ask you what you would do if you were in that position and ask you if this is the kind of conduct you want to go on when you have to control as many prisoners as he does." However, no objection was made at the time of trial nor was it asserted as error in defendant's post trial motion. It is an accepted principle of law that an issue not raised in the trial court cannot be raised for the first time on review. *People v. McAdrian*, 52 Ill.2d 250, 287 N.E.2d 688.

■■   Third, defendant claims that it was error to overrule his objection to the prosecutor's statement of the law of aggravated battery: "I don't think anybody says he has got a right to struggle with a deputy. That is aggravated battery right there." The court determined that it constituted proper argument. The judge alone may instruct the jury as to the law in a given case; thus, where counsel instructs as to the law, he has invaded the province of the court. (*People v. Wright,* 80 Ill.App. 2d 300, 225 N.E.2d 460.) It is, however, proper argument for a prosecuting attorney to draw inferences unfavorable to the defendant if those inferences are based on the evidence. (*People v. Williams,* 26 Ill.2d 190, 186 N.E.2d 353; *People v. Eastland,* 11 Ill.App.3d 271, 296 N.E.2d 363.) We agree with the ruling of the trial court.

■■■   Finally, defendant contends that the jury was given a conflicting set of instructions requiring reversal of the conviction. (*Hoge v. People,* 117 Ill. 35, 6 N.E. 796.) He asserts that the definitions of battery and aggravated battery (I.P.I. Criminal Instructions 11.05 and 11.09) should have contained the phrase "without legal justification". However, the trial court gave I.P.I. Criminal Instructions 24.06, 24.09, and 24.11 on the justifiable use of force. In addition, Instruction 11.10 was given which informed the jury that to sustain a charge of aggravated battery, the state must prove that the defendant was not justified in using the force he used. No single instruction is required to state all of the relevant law on a single subject, but it is sufficient that the instructions as a whole adequately inform the jury as to the law. (*People v. Mills,* 40 Ill.2d 4, 237 N.E.2d 697; *People v. Jackson,* 116 Ill.App.2d 304, 253 N.E.2d 527.) Here, the court followed the Illinois Pattern Jury Instructions to be used in criminal cases, and they sufficiently stated the law of aggravated battery.

The judgment of the circuit court of Macon County is affirmed.

Judgment affirmed.

SIMKINS and TRAPP, JJ., concur.