THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* O. C. MITCHELL, Defendant-Appellant.

(No. 59543;

First District (1st Division)—August 19, 1974.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael A. Tyrrell, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

O. C. Mitchell, defendant, was originally charged by indictment with murder and aggravated battery. After a jury trial, defendant was found guilty of aggravated battery and sentenced to a term of 3 to 10 years. Defendant appeals, arguing that the evidence was insufficient to establish his guilt beyond a reasonable doubt.

At trial, Carie Mitchell testified that on July 8, 1972, she lived in the second-floor, rear apartment at 1559 S. Christiana, Chicago, Illinois, with her son, the defendant O. C. Mitchell, and Ernest Wright. At approximately 3:30 P.M., Ernest Wright returned home. She observed that he had been drinking. Wright left her apartment and went to the apartment of Rosa Lee Anderson, Ms. Mitchell's granddaughter, which was located on the same floor of the building. Approximately 10 minutes later, Ms. Mitchell went to her granddaughter's apartment and saw Ernest Wright lying on the floor of the bathroom. Ms. Mitchell observed the defendant hit Wright's head between the bathtub and radiator six or seven times. Ms. Mitchell returned to her apartment, followed by the defendant. A short time later, Ms. Mitchell observed Wright coming up the back stairs. Defendant confronted Wright and kicked him in the face, causing him to fall down the steps. Defendant then dragged Wright into the back yard. A short time later, the police arrived and Wright was taken to Mount Sinai Hospital, where he died on July 23, 1972.

Anthony Finnelly, a Chicago Police investigator, testified that he was assigned the investigation of the death of Ernest Wright. Pursuant to that investigation, a warrant was procured for the arrest of the defendant. Defendant was placed under arrest on July 26, 1972.

Dr. Edward Shalgos, a pathologist for the coroner of Cook County, testified that on July 23, 1972, he performed a pathological examination on the body of Ernest Wright. An internal examination of the head of Wright revealed three hemorrhages. Dr. Shalgos testified that in his opinion, the hemorrhages were caused by either the application of trauma directly to the head or the striking of the head against an im-

movable object. The cause of death of Ernest Wright was trauma to the brain and cardiac arrest.

Dr. Hernando Torres testified that Ernest Wright was his patient at Mount Sinai Hospital. When admitted, Wright was confused and unable to talk coherently. Wright had a laceration in the left frontal area, on the nose and another on the face. Wright's condition was stationary for several days and thereafter started to improve slowly. On July 23, 1972, Wright was found to have a respiratory difficulty and quickly went into respiratory failure, causing his death. Dr. Torres testified that Wright's condition, when he entered the hospital, was consistent with the theory that someone had banged his head against the floor and that he had been kicked in the face and fallen down a flight of stairs.

Rosa Lee Anderson, the niece of the defendant, testified that on July 8, 1972, at 4 P.M., Ernest Wright came into her apartment. Defendant was in the kitchen cleaning fish. Wright began to talk to the defendant. Wright suddenly picked up a knife and attempted to stab the defendant. With the knife in his hand, Wright forced defendant back toward the bathroom until Wright himself fell. Ms. Anderson testified that she attempted to help Wright downstairs. As Wright was going down the stairs, he slipped and fell down the stairs. She helped Wright up and he fell down a second flight of stairs. Ms. Anderson testified that she did not at any time see the defendant kick or strike Wright.

On cross-examination, Ms. Anderson testified that on July 8, 1972, she spoke with a police officer at the hospital. She denied telling the police officer that she had heard an argument in the rear of her apartment and had observed a male Negro hitting and kicking Ernest Wright. Ms. Anderson also testified that on September 13, 1972, she testified before the grand jury of Cook County. She denied testifying that on July 8, 1972, Ernest Wright and the defendant had a fight in her apartment.

In rebuttal, Brenda Green, an official court reporter for the circuit court of Cook County, testified that on September 13, 1972, she transcribed the testimony of Rosa Lee Anderson before the Cook County grand jury. At that time, Ms. Anderson testified that on July 8, 1972, she observed the defendant, O. C. Mitchell, and the deceased, Ernest Wright, fighting in her apartment on two separate occasions.

Joseph O. Leiser, a Chicago police officer, testified that on July 8, 1972, he interviewed Rosa Lee Anderson at Mount Sinai Hospital. At that time, Ms. Anderson stated that she heard an argument in the rear of her apartment and upon investigation she observed an unidentified male Negro beating and kicking Ernest Wright.

■■■ On appeal, defendant argues that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Defendant urges that the State failed to prove that his use of force was not justified as self-defense and that the testimony of Carie Mitchell was not credible. It is well established that in a jury trial, it is the function of the jury as trier of fact to determine the credibility of witnesses and the weight to be given to their testimony. Only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt will the finding of the jury be reversed. *People v. Hampton,* 44 Ill.2d 41, 253 N.E.2d 385; *People v. Sturgis,* 14 Ill.App.3d 181, 302 N.E.2d 114.

■■ Defendant, to support his argument that he was acting in self-defense, consistently cites the testimony of Rosa Lee Anderson, whose testimony was contradicted at trial by the testimony of Carie Mitchell. The question of whether self-defense has been established by the evidence is always a question of fact for the jury to decide. (*People v. Meeks,* 11 Ill.App.3d 973, 297 N.E.2d 705.) Here, Rosa Lee Anderson's testimony at trial was greatly impaired when, in rebuttal, the State introduced the testimony of Officer Leiser that immediately after the occurrence, he interviewed Ms. Anderson. At that time, Ms. Anderson stated that she observed an unidentified male Negro hitting and kicking Ernest Wright. In addition, Brenda Green, an official court reporter, testified that before the Cook County grand jury, Ms. Anderson, under oath, testified that on July 8, 1972, she observed the defendant and Wright fighting on two separate occasions. At trial, Ms. Anderson denied making either of these statements. These prior inconsistent statements cast doubt upon Ms. Anderson's trial testimony.

■■ Carie Mitchell testified that she observed the defendant hitting Wright's head against the bathtub and radiator in her granddaughter's apartment. Thereafter, Ms. Mitchell returned to her apartment, followed by the defendant. A short time later, Wright started to walk up the back stairs to enter the apartment. At that time, defendant kicked Wright in the face, knocking him down the stairs. Defendant then dragged Wright into the back yard. The jury, by finding defendant guilty, demonstrated that they believed the testimony of Ms. Mitchell. It is a well established rule that the testimony of a single witness, if positive and credible, is sufficient to sustain a conviction, even though contradicted by the accused. (*People v. Griffin,* 12 Ill.App.3d 193, 297 N.E.2d 770.) After a review of the entire record, we conclude that the testimony of Carie Mitchell was positive and credible. The State's evidence was sufficient to establish defendant's guilt beyond a reasonable doubt,

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment Affirmed.

Mr. PRESIDING JUSTICE EGAN took no part in the consideration or decision of this case.