THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAMIAN JOHN RUNDE, Defendant-Appellant.

Third District   No. 75-344

Opinion filed December 29, 1976.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of Ottawa, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Damian John Runde, was indicted by a La Salle County grand jury for burglary of the Paul Khoury residence in the City of La Salle. Following a jury trial, defendant was found guilty of burglary and sentenced to a term of not less than 2 nor more than 6 years in the Illinois Department of Corrections.

On appeal the sole issue raised is whether there was sufficient proof of defendant's guilt beyond a reasonable doubt.

From the testimony preserved in the record it appears that defendant was observed in the backyard of the Khoury residence by police who

were answering a complaint of intruders being around the Khoury house. Upon noticing the police, defendant fled on foot but was quickly apprehended by the officers. Defendant, upon being captured, gave police a fictitious alias and only later did investigation reveal his real identity. Upon returning to the Khoury house the police discovered two other subjects inside and apprehended them. The two individuals captured within the residence were identified as Michael Holt and James Lusietto. (Lusietto was identified as Donald Lusietto by one of the arresting officers).

The investigating police officers testified to discovering that a forced entry had been made into the Khoury residence and that the interior of the house was in disarray. Various items were discovered inside the house and were offered into evidence, consisting of a handgun, a cartridge, a magazine for the gun, a pair of gloves, nine rounds of .32-caliber ammunition, a flashlight, batteries for a flashlight and a wallet belonging to Lusietto. The owner of the house testified that he owned no guns.

At the trial the defense called Michael Holt who testified that Runde had driven the car on the night in question to the Khoury residence and that Runde was to remain in the car while he and Lusietto went to the Khoury house. Holt further testified that defendant did not assist in the burglary in any manner and that defendant was not present when a group discussed and planned the burglary nor did defendant have any knowledge of the planned burglary.

Defendant, Runde, testified in his own behalf and denied any participation in the burglary, or knowledge of it. He denied being aware of any plans for the burglary and claimed he had agreed to drive Lusietto's car for him (because of Lusietto's traffic ticket problem), to a certain house on the way to a party in Aurora. After waiting in the car for some time he went to look for Lusietto and Holt. He insisted he ran when he was aware that the police had observed him because he knew a warrant had been issued for him in an unrelated matter. He also argued that the warrant in another matter was his reason for giving the police a fictitious name.

In rebuttal, the State requested that accomplice James Lusietto be called as the court's witness. Over defense objections, Lusietto was brought unwillingly and shackled to court and was questioned outside the presence of the jury. During the course of argument it became apparent that Lusietto had refused to be brought from the jail to testify in the case. Following repeated attempts to question Lusietto the court held him in contempt of court and imposed a sentence of 6 months imprisonment which could be purged if he agreed to testify. The State then rested. The following day Lusietto agreed to testify and to purge himself of contempt. Defense again objected, but Lusietto was allowed to be

questioned by the State's Attorney while shackled. Testimony was not heard however until defense counsel had been allowed time to interview the witness, due to the State's failure to include Lusietto's name in answer to defense discovery.

Lusietto testified in contradiction to both Holt and Runde that defendant had participated in planning the burglary and was fully aware of the burglary when he agreed to drive the car there. He claimed that Runde had agreed to act as a lookout for the other two. On cross-examination Lusietto admitted that he had already been convicted of the burglary of the Khoury residence and that he had been sentenced to 6 months imprisonment for contempt in refusing to testify a day earlier. The record indicates that Lusietto had the benefit and advice of counsel before he testified.

■■ The recent case of *In re Whittenburg* (1976), 37 Ill. App. 3d 793, 347 N.E.2d 103, holds that mere presence at the scene of a crime by itself is not sufficient proof beyond a reasonable doubt. *People v. Woods* (1974), 20 Ill. App. 3d 641, 314 N.E.2d 606, concludes that mere presence at the scene together with flight in the absence of other circumstances is also not sufficient for proof beyond a reasonable doubt. We agree with the general principles announced in these and other cases called to our attention. In the present case however other factors amounting to strong circumstantial evidence of guilt are present. Besides being present and fleeing from police, defendant drove the car and delivered the other two men to the location of the burglary. He admitted drinking and socializing with Holt and Lusietto throughout the day when they had made elaborate plans for the burglary, but denied any knowledge of or participation in the planning. Defendant also gave the police a fictitious name when apprehended. Most importantly accomplice James Lusietto testified that Runde had helped plan the burglary and had participated in it to the extent of acting as lookout. Contrary to defendant's claim substantial evidence besides Lusietto's testimony was presented to the jury. Lusietto's testimony substantiates and corroborates the other strong circumstantial evidence of guilt.

■■ ■ Defendant further argues that Lusietto's testimony is not credible in light of Lusietto's earlier refusal to testify and his ultimate testimony being given under compulsion to purge his contempt for refusing to testify initially. The court in *People v. Baker* (1959), 16 Ill. 2d 364, 158 N.E.2d 1, although stating that uncorroborated accomplice testimony is not of the most satisfactory character and should be attended with suspicion and caution, found it is sufficient to support a conviction if the jury is satisfied with it. In *People v. Gilbert* (1975), 26 Ill. App. 3d 284, 325 N.E.2d 134, the court held that even though the testimony of an accomplice should be subjected to careful scrutiny it is sufficient to

convict if it satisfies the trier of fact of defendant's guilt beyond a reasonable doubt. The issue of the credibility of defendant and Holt as opposed to the self-confessed accomplice Lusietto is essentially one for the jury to decide. We are convinced that the jury was satisfied with Lusietto's testimony and the other unexplained strong circumstantial evidence of guilt and that we should not disturb the verdict. The circumstances surrounding Lusietto's testimony, his earlier conviction for the same burglary, and the fact that his testimony would purge his contempt of court from initially refusing to testify were all presented to the jury and were facts for their consideration in deciding credibility. We view Lusietto's testimony as not clearly improbable and therefore we will not substitute our judgment on the issue of credibility for that of the jury. *People v. Mitchell* (1974), 22 Ill. App. 3d 817, 317 N.E.2d 779.

It is our judgment that the evidence in this case and the inferences which could properly be drawn from it support the jury's determination that defendant was guilty of burglary beyond a reasonable doubt.

The judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.