THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KIRBY GARDNER, Defendant-Appellant.

Fifth District    No. 76-362

Opinion filed August 29, 1977.

Michael J. Rosborough and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

K. Scott Wilzbach, State's Attorney, of Salem (Bruce D. Irish, of Illinois State's. Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Kirby Gardner, originally pleaded guilty to the charge of rape in the circuit court of Marion County, based on plea negotiations calling for the dismissal of other charges and a sentence of three to 12 years imprisonment thereon. The trial court accepted the plea and entered judgment and sentence accordingly. On appeal to this court (*People v. Gardner*, 22 Ill. App. 3d 203, 317 N.E.2d 316), we reversed the judgment, holding that the trial court was without power to impose the minimum sentence agreed upon since the statutory minimum term for rape must be no less than four years.

On remand, the State reinstated a burglary charge and defendant was tried before a jury for the offenses of burglary and rape. He was found guilty as charged and the court imposed concurrent sentences of one to three years imprisonment for burglary and six to 12 years imprisonment for rape from which sentences defendant now brings this appeal.

On appeal defendant contends that he could not be sentenced on his conviction for rape since any legal minimum term imposed would of necessity be more severe than the prior minimum sentence imposed.

Specifically, he argues that under section 5—5—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—4), the trial court could not impose a new minimum sentence higher than three years imprisonment which in turn would be unlawful since the minimum sentence for rape must be no less than four years imprisonment (Ill. Rev. Stat. 1975, ch. 38, pars. 11—1(c), 1005—8—1(c)(2)). Thus defendant concludes that this court should either vacate the conviction and sentence for rape or, he curiously argues, we should vacate the conviction and sentence for rape and increase the burglary sentence to a term of three to 12 years imprisonment. Alternatively, he argues that under section 5—5—4 his minimum sentence for rape should be reduced to a term of four years representing the least severe lawful minimum sentence that may be imposed.

■■■ Before addressing the issue presented, it should be noted that defendant raises no contention that his rape sentence may reflect a motive of vindictiveness penalizing defendant for having successfully attacked his original conviction. (See *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072; *People v. Baze*, 43 Ill. 2d 298, 253 N.E.2d 392.) Nor do we find that the record would support any such contention. Further, no question is raised that the rape sentence is excessive and an abuse of the trial court's discretion. To the contrary, we find ample support in the record for a sentence of six to 12 years since the evidence at trial showed the rape to be a brutal and violent one. Rather, defendant's contention is merely a technical one solely based upon section 5—5—4.

Section 5—5—4 provides that:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—4.)

Defendant's theory presumes that the sentence of six to 12 years imposed on the conviction for rape, being more severe than the original sentence of three to 12 years, is thus in conflict with the mandate of section 5—5—4 of the Code. We find, however, that section 5—5—4 is inapplicable to the case at bar.

In defendant's prior appeal in the instant case, we held that:

> "The trial court has authority under Supreme Court Rule 402(d) to approve a plea bargain voluntarily entered into between the defendant and the state. However, this presupposes that the agreement is one that the court has power to approve. Since the

plea agreement in this case called for a minimum sentence of less than 4 years, the court had no power to approve the agreement." (22 Ill. App. 3d 203, 204, 317 N.E.2d 316, 317.)

Since the prior minimum sentence imposed had been beyond the power of the trial court to render, we consider it, for the purposes of section 5—5—4, as if no prior minimum sentence had been imposed. In *People v. Lewis Gardner*, 15 Ill. App. 3d 255, 257-58, 304 N.E.2d 125, 126-27, the court stated:

> "All statutes relating to the same subject must be compared and so construed with reference to each other that effect may be given to all provisions of each if it can be done by a fair and reasonable construction. It is presumed that the several statutes relating to one subject are governed by one spirit and policy and that the legislature intended them to be operative and harmonious."

■■ Section 5—8—1(c)(2) of the Code, which is applicable to the instant case, requires that "* * * for a Class 1 felony, the minimum term shall be 4 years * * *." Were we to adopt defendant's theory, and find that section 5—5—4 of the Code is also applicable to the case at bar, we would obtain the absurd result that on resentencing the trial court could neither impose a minimum term greater than three years nor less than four years. Such could not have been the intention of the legislature in enacting section 5—5—4 of the Code. Rather, to achieve harmony and operative affect to both section 5—5—4 and section 5—8—1(c)(2), a fair and reasonable construction of section 5—5—4 leads to the conclusion that it only applies to an original sentence within statutory limits imposed upon a conviction erroneously obtained or to an original sentence within statutory limits but which was held to have been obtained or aggravated in error. Consequently, we do not find that section 5—5—4 of the Code warrants this court to vacate the rape sentence or to reduce the minimum term thereof to the least severe term as argued by defendant. We note that defendant's attempt to "bargain" on appeal, by suggesting that his conviction and sentence for rape be vacated but his sentence for burglary be increased to three to 12 years, is not only unwarranted by section 5—5—4 of the Code but is also wholly unsupportable in law since *inter alia* this court lacks authority under Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615), to increase a defendant's sentence on appeal.

■■ Next, defendant contends that his conviction for burglary must be reversed as it was motivated by his intent to commit the rape. Subsequent to the filing of defendant's brief in this appeal, our supreme court filed its opinion in *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838, which we find controlling of the issue presented. In *King*, the court held that multiple convictions and concurrent sentences may properly be entered for the offenses of burglary and rape.

Accordingly, for the foregoing reasons, we affirm the judgment and sentences entered by the circuit court of Marion County.

Affirmed.

G. J. MORAN and KARNS, JJ., concur.