THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE CUNITZ, II, Defendant-Appellant.

Fifth District   No. 77-272

Opinion filed May 2, 1978.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WINELAND delivered the opinion of the court:

The defendant, George Cunitz, appeals from a sentence imposed upon remandment to the trial court for resentencing. Defendant was originally sentenced on September 19, 1975, to the Department of Corrections for not less than three years and four months nor more than 10 years on convictions for theft in excess of $150 in violation of section 16—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)) and felony escape in violation of section 31—6(a) of the said Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 31—6(a)). After considering the nature and circumstances of the offense and the history and character of the defendant, the court, pursuant to section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b)), ordered that the sentences be served consecutively. In *People v. Cunitz* (5th Dist. 1977), 45 Ill. App. 3d 165, 359 N.E.2d 1070, this court ruled that the jury verdict in the theft conviction could only support a conviction for misdemeanor theft because the jury instructions did not allow the jury to independently determine the value of the property taken, a material element in the offense of theft in excess of $150. This Court then remanded the case for resentencing.

Upon receiving the case back, the trial court ordered a supplemental

presentence report and, at the defendant's request, appointed the Public Defender to represent him. The presentence report showed that defendant had committed minor infractions of the rules of the Department of Corrections during the period from September 23, 1975, to August 18, 1976. From August 18, 1976, to April 25, 1977, the date of the resentencing hearing, defendant had not committed any infractions of the Department of Corrections' rules. The trial court considered the absence of infractions during this eight-month period as a mitigating factor and sentenced defendant to not less than five nor more than 20 years on the felony escape conviction to run concurrently with a sentence of 364 days' imprisonment for misdemeanor theft conviction.

Section 5—5—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4) states:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing."

Originally defendant was sentenced to not less than three years and four months nor more than 10 years' imprisonment on the felony escape conviction. On resentencing, he was sentenced to not less than five years nor more than 20 years' imprisonment. As the sentence imposed on resentencing for felony escape is more severe than the original sentence for the same conduct and the more severe sentence was not based on defendant's conduct occurring after the original sentence, we exercise our power under Supreme Court Rule 615(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)) and reduce defendant's sentence for felony escape to not less than three years and four months to 10 years' imprisonment. Said sentence is to be served concurrently with the sentence of 364 days' imprisonment imposed on the misdemeanor theft conviction.

■■ The State contends that defendant's sentence was not increased on resentencing as the sentence imposed on theft over $150 and felony escape, three years and four months to 10 years, added together is six years, eight months to 20 years which is more than five to 20 years. However, having determined that defendant had been improperly convicted of felony theft, the maximum sentence which could have been imposed on resentencing in the absence of aggravating factors occurring after the original sentence was 364 days on the misdemeanor theft conviction to run concurrently or consecutively to a sentence of from one year to 10 years, or any indeterminate sentence therein so long as the aggregate minimum term authorized under section 5—8—1 of the Unified Code of Corrections did not exceed twice the lowest minimum

sentence for the most serious felony involved or in this case two years. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c), effective January 1, 1973 to July 1, 1974.) As we said in *People v. Cunitz* (5th Dist. 1977), 45 Ill. App. 3d 165, 359 N.E.2d 1070, the courts were required to apply the most favorable intervening consecutive sentence provision. When defendant was first sentenced, the court believed that defendant had been convicted of two felonies. However, as our opinion in *Cunitz* stated, he could only have been convicted of one misdemeanor and one felony. To impose virtually the same total sentence on resentencing for conduct which was deemed to be less serious than that conduct on which the first sentence was based would be improper.

■■ Alternatively, the State argues, relying on *People v. Gardner* (5th Dist. 1977), 52 Ill. App. 3d 386, 367 N.E.2d 437, that the minimum sentence was void on the original sentences; therefore, it is as though no prior sentence had been imposed. In *Gardner*, defendant pleaded guilty to rape and was sentenced to three to 12 years' imprisonment. This court reversed the judgment. (*People v. Gardner* (5th Dist. 1974), 22 Ill. App. 3d 203, 317 N.E.2d 316.) Defendant was convicted at a jury trial and sentenced to six to 12 years' imprisonment. We ruled in the appeal on remand that a six-year minimum sentence was not improper as the original sentence of three years was not within the statutory limit, and, therefore, beyond the power of the court to impose a three-year minimum sentence. The State's argument, however, ignores the fact that there was nothing invalid or improper in the original sentence for felony escape. Section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 31—6(a)) provides that violation of that section constitutes a Class 2 felony. A Class 2 felony was punishable by an indeterminate sentence of not less than the one year nor more than 20 years, a fine up to $10,000 and a parole term of three years. (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(3), 1005—8—1(e)(2) and 1005—9—1(a)(1).) When an indeterminate sentence in excess of one year is imposed, the minimum term cannot be in excess of one third of the maximum term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) The original escape sentence met all the above criteria. The sentence only violated section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c), effective January 1, 1973, to July 1, 1974) when ordered to run consecutively to the theft conviction. Under the foregoing statute, the minimum consecutive sentence produced the anomalous result of imposing a lesser aggregate minimum sentence than could be imposed if the sentences were to be served concurrently. Surely this was a major reason for the rather quick amendment to the statute. (*People v. Carpenter* (5th Dist. 1976), 38 Ill. App. 3d 435, 347 N.E.2d 781.) The fact that a sentence may have violated the prohibition against consecutive sentences in which the minimum sentence exceeded twice

the minimum sentence for the most serious felony involved does not necessarily render that sentence standing alone invalid.

■■ The State further argues that we should consider the original consecutive sentence as one sentence. The State relies on section 5—8—4(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(e)) which states:

"In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, *the Department of Corrections shall treat* the offender as though he had been committed for a single term with the following incidents:

(1) the maximum period of an indeterminate term of imprisonment shall consist of the aggregate of the imposed indeterminate terms plus the aggregate of the imposed determinate sentences for misdemeanors subject to paragraph (c) of this Section;

(2) the parole term shall consist of the parole term under Section 5—8—1 for the most serious of the offenses involved;

(3) the minimum period of imprisonment shall be one year or the aggregate of the minimum period of imprisonment imposed by the court, whichever is greater, subject to paragraph (c) of this Section; and

(4) the offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof." (Emphasis added.)

As is obvious from reading this section, the aforementioned section is a directive to the Department of Corrections for the purposes of determining parole eligibility and good time credits. (Ill. Ann. Stat., ch. 38, par. 1005—8—4(e), Council Commentary, at 485-486 (Smith-Hurd 1973).) Nothing in this section transforms two sentences, which are ordered to be served consecutively, into one sentence.

For the foregoing reasons, the judgment and sentence of the Circuit Court of Williamson County is reduced to a sentence to the Department of Corrections of not less than three years and four months nor more than 10 years on the felony escape conviction to be served concurrently with the 364-day sentence on the misdemeanor theft conviction, and this cause is remanded for the issuance of a corrected judgment order and mittimus not inconsistent with the opinion of this court.

Reversed and remanded with directions.

G. J. MORAN and JONES, JJ., concur.