THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER BLANCK, Defendant-Appellant.

Second District    No. 2—95—0164

Opinion filed February 19, 1997.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Walter Blanck, appeals from his sentence for aggravated kidnaping (720 ILCS 5/10—2 (West 1994)). We reverse and remand for the issuance of a corrected judgment order and mittimus sentencing the defendant to 13 years' imprisonment.

On February 20, 1992, after a jury trial, the defendant was

convicted of aggravated kidnaping (720 ILCS 5/10—2 (West 1994)) and aggravated criminal sexual assault (720 ILCS 5/12—14 (West 1994)). Aggravated criminal sexual assault is a Class X felony for which the normal sentence range is 6 to 30 years' imprisonment, but the extended range is 30 to 60 years' imprisonment. 720 ILCS 5/12—14(d) (West 1994); 730 ILCS 5/5—8—1(a)(3), 5—8—2(a)(2) (West 1994). Aggravated kidnaping is a Class 1 felony for which the normal sentence range is 4 to 15 years' imprisonment, but the extended range is 15 to 30 years' imprisonment. 720 ILCS 5/10—2 (West 1994); 730 ILCS 5/5—8—1(a)(4), 5—8—2(a)(3) (West 1994). At the defendant's sentencing hearing on April 9, 1992, the trial court found the defendant eligible for an extended-term sentence for the crime of aggravated criminal sexual assault because the offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. Under Illinois law, the court could not impose an extended term for aggravated kidnaping because the defendant was being sentenced for a more serious felony. 730 ILCS 5/5—8—2(a) (West 1994); People v. Jordan, 103 Ill. 2d 192, 205-06 (1984). The court imposed a sentence of 60 years' imprisonment for the aggravated criminal sexual assault and a consecutive 13 years' imprisonment for aggravated kidnaping.

The defendant appealed to this court, and on April 15, 1994, we issued an opinion reversing the defendant's conviction of aggravated criminal sexual assault because the State had failed to prove sufficiently jurisdiction, i.e., whether the offense occurred in Illinois or Wisconsin. Further, we vacated the sentence for aggravated kidnaping and remanded the cause for resentencing. We denied the defendant's petition for rehearing but issued a modified opinion on June 15, 1994. See People v. Blanck, 263 Ill. App. 3d 224 (1994). With respect to the aggravated kidnaping conviction, our opinion directed the trial court to consider whether it could, in accordance with law, impose an extended-term sentence for that conviction because it was now the most serious offense of which the defendant was convicted. Blanck, 263 Ill. App. 3d at 231.

Upon remand, the resentencing hearing occurred on January 27, 1995. Neither the State nor the defense offered evidence based upon conduct on the part of the defendant occurring after the original sentencing hearing.

The trial court judge decided that he had the authority to impose an extended-term sentence. He recognized that he could not originally have set a sentence in the extended-term range for the Class 1 offense of aggravated kidnaping, but decided that the range was available after our reversal of the Class X conviction of ag-

gravated criminal sexual assault. The trial court judge then sentenced the defendant to 30 years' imprisonment for the aggravated kidnaping conviction. The defendant appeals.

■ Section 5—5—3(d) of the Unified Code of Corrections (Code) provides:

> "In any case in which a sentence originally imposed is vacated, the case shall be remanded to the trial court. The trial court shall hold a hearing under Section 5—4—1 of the Unified Code of Corrections which may include evidence of the defendant's life, moral character and occupation during the time since the original sentence was passed. *** The trial court may impose any sentence which could have been imposed at the original trial subject to Section 5—5—4 of the Unified Code of Corrections." 730 ILCS 5/5— 5—3(d) (West 1994).

Section 5—5—4 provides:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." 730 ILCS 5/5— 5—4 (West 1994).

The 1973 Council Commentary to section 5—5—4 indicates that the provision sets out the rule adopted by the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), and followed by the Illinois Supreme Court as set forth in *People v. Baze*, 43 Ill. 2d 298, 302-03 (1969). 730 ILCS Ann. 5/5—5—4, Council Commentary, at 546 (Smith-Hurd 1992). Those decisions recognize that a defendant is denied due process of law if he receives a heavier sentence for an offense after successfully obtaining a new trial through an appeal or collateral challenge unless the longer sentence is based on conduct occurring after the sentencing date for the original conviction. *Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080; *Baze*, 43 Ill. 2d at 302-03. A defendant must be able to pursue his right to appeal a conviction without fear of retaliation from the trial court should he succeed. *Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080; *Baze*, 43 Ill. 2d at 302.

■ Applying the clear terms of section 5—5—4 to the present case, we determine that the trial court erred in sentencing the defendant to 30 years' imprisonment for the aggravated kidnaping conviction. The defendant was originally sentenced to 13 years' imprisonment for aggravated kidnaping. He then had his sentence for aggravated kidnaping set aside on direct review by this court. On

remand, he was resentenced for the exact same offense. No evidence was presented regarding the defendant's conduct after the date of the original hearing so as to provide a basis for an increased term. Under the plain language of the statute, the sentence for aggravated kidnaping could not lawfully be increased. 730 ILCS 5/5—5—4 (West 1994).

The State contends in this appeal that the defendant was not being resentenced for the same offense. We find this position meritless. The offense of aggravated kidnaping is committed when a person commits a kidnaping as defined by statute (720 ILCS 5/10—1 (West 1994)) with one of five other defined circumstances (720 ILCS 5/10—2 (West 1994)). The State has not presented any evidence, nor does the record show, that the defendant was somehow convicted of another act which constituted aggravated kidnaping in between the trial court's original sentencing and the trial court's resentencing. The reversal or vacation of a more serious offense that precluded the imposition of an extended sentence on the charge in question does not transmute the charge in question into a different offense upon remand.

While a review of Illinois law indicates that the present factual situation is one of first impression, previous cases lend support to the decision we reach in the present case. In *People v. Cunitz*, 59 Ill. App. 3d 701, 702 (1978), the Appellate Court, Fifth District, faced a situation where a defendant was convicted of felony theft and escape and was originally sentenced to an indeterminate term of 3 years and 4 months' to 10 years' imprisonment on each count. The trial court made the sentences consecutive, thus imposing an aggregate sentence of 6 years and 8 months' to 20 years' imprisonment. On direct appeal, the Appellate Court, Fifth District, reduced the felony theft conviction to one for misdemeanor theft and remanded the entire cause for resentencing. See *People v. Cunitz*, 45 Ill. App. 3d 165 (1977). On remand, the trial court imposed concurrent sentences of 364 days' imprisonment for theft and 5 to 20 years' imprisonment for escape. *Cunitz*, 59 Ill. App. 3d at 703. The defendant appealed again. See *Cunitz*, 59 Ill. App. 3d 701. Relying upon section 5—5—4, the Appellate Court, Fifth District, found that the defendant had received a more severe sentence for escape upon remand and that the sentence was not based upon conduct occurring after the original sentencing hearing. *Cunitz*, 59 Ill. App. 3d at 703-04. Consequently, the court reduced the sentence for escape to the original sentence of 3 years and 4 months' to 10 years' imprisonment. *Cunitz*, 59 Ill. App. 3d at 705.

In the present case, one of two of the defendant's convictions was reversed outright, not just reduced to a misdemeanor. However, we

determine that the defendant should no more be subject to an increased sentence for aggravated kidnaping upon remand than the defendant in *Cunitz* for escape. The trial court's effort to come as close as possible to the originally imposed consecutive terms with only one sentence must not succeed in the present case any more than the trial court's effort in *Cunitz*. See *Cunitz*, 59 Ill. App. 3d at 704.

Two recent decisions of our supreme court also demonstrate that the defendant at bar should prevail in this appeal. The two cases interpret section 5—8—1(c) of the Code (730 ILCS 5/5—8—1(c) (West 1994)). Section 5—8—1(c) is a parallel provision to section 5—5—4 that applies in the trial court when a motion to reduce sentence is at issue. Any increase in sentence after the receipt of a motion to reconsider sentence is barred. 730 ILCS 5/5—8—1(c) (West 1994). In *People v. Kilpatrick*, 167 Ill. 2d 439, 447 (1995), our supreme court found that this section prohibited a trial court from vacating two sentences of .6 and 9 years' imprisonment, to be served consecutively, and imposing a single term of 15 years' imprisonment for both offenses. Our supreme court found that a defendant should not have to risk an increase in the individual terms to challenge his consecutive sentences. *Kilpatrick*, 167 Ill. 2d at 447.

Similarly, in *People v. Jones*, 168 Ill. 2d 367, 372 (1995), our supreme court found that the trial court was barred from vacating two sentences, to be served consecutively, for 25 years' imprisonment each with one single sentence of 30 years' imprisonment to be served for one of the charges. The supreme court held that the trial court had unlawfully increased the sentence for the charge of attempted murder from 25 to 30 years' imprisonment. *Jones*, 168 Ill. 2d at 372-73.

While the instant case does not involve consecutive sentences for different offenses being altered to one sentence and the instant case stems from a new sentencing after remand rather than after a motion to reconsider sentence, we determine that the tenets of our supreme court cases may be properly applied in the case at bar. In accordance with the principles laid out in *Pearce* (395 U.S. at 725, 23 L. Ed. 2d at 669-70, 89 S. Ct. at 2080-81) and *Baze* (43 Ill. 2d at 302-03) and the clear language of section 5—5—4, we determine that a defendant should not have to risk an increase in one term to seek appellate review of either that term or a second term, imposed for a second crime.

For the foregoing reasons, the judgment and sentence of the circuit court of McHenry County is reduced to a sentence to the Department of Corrections of 13 years' imprisonment, less time

served, and this cause is remanded for the issuance of a corrected judgment order and mittimus not inconsistent with this opinion.

Reversed and remanded with directions.

INGLIS and DOYLE, JJ., concur.