**The People of the State of Illinois, Defendant in Error, v. Donald Arbuckle, Plaintiff in Error.**

Gen. No. 65–114.

Second District.

April 18, 1966.

John R. Snively, of Rockford, for appellant.

William R. Nash, State's Attorney, of Rockford, and William G. Clark, Attorney General, of Springfield, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant, Donald Arbuckle, was found guilty by a jury in the Circuit Court of Winnebago County for the offenses of escape and aiding escape. He was sentenced

to a term of not less than four years and 360 days nor more than five years in the penitentiary; also, to a term of 270 days at the Illinois State Farm, both sentences to run consecutively. He sued out a writ of error to the Supreme Court to review the convictions claiming:

1) that he was denied his constitutional rights to demand the nature and cause of accusation against him because the indictment was faulty;

2) that he was denied his constitutional right to a speedy trial;

3) that the trial court erred in the admission of evidence, and

4) that the evidence was insufficient to sustain the conviction.

The Supreme Court considered the constitutional questions raised on the first two grounds and held that the allegation of error with respect to the indictment raised no real question of defendant's constitutional right "to be informed of the nature and cause of the accusation." It further held that defendant was obviously not deprived of his constitutional and statutory right to a speedy trial. This cause was then transferred to this court for consideration of the remaining issues in the case. People v. Arbuckle, 31 Ill2d 163, 201 NE2d 102 (1965).

On February 19, 1958, the defendant went on trial in the Circuit Court of Winnebago County for the charge of statutory rape. After a jury had been selected and certain evidence adduced, the defendant withdrew his plea of not guilty, waived trial by jury and entered a plea of guilty. The guilty plea was accepted by the court and judgment entered accordingly. The court continued the case until February 21 for hearing in mitigation and aggravation of the offense and defendant was remanded to jail.

On the evening of February 20th the defendant and one Thomas Verkuilen escaped from the county jail. The jail is located on the fourth floor of the court house. About 9:30 p. m. on February 20th the deputy jailer attempted to lock the prisoners in their cells for the night. To do this he pulled a lever which was supposed to lock all of the cell doors at one time. As he pulled the lever down it appeared to jam and one cell door opened. The jailer opened the tier door and reached in to pull the cell door closed. As he reached for the door Verkuilen came out and struck the jailer on the head with a stick. Arbuckle then came out of the cell and struck at the jailer with a sock containing a bar of soap. After overpowering the jailer, the two prisoners went down one flight of stairs to the jail office where they wrestled and overpowered a second jailer. They then went into an interrogation room beyond the office where Verkuilen pulled off a screen and broke a window. Verkuilen went out of the window and climbed down a drainpipe. Arbuckle climbed out of the window and in attempting to go down the drainpipe, fell breaking two bones in his left ankle and a bone in an arm.

An intensive search was conducted and in the early morning of February 21, the defendant was found in an automobile in a parking lot close to the court house. He was taken to a hospital for treatment and then brought back to the county jail where he was imprisoned. On the same day, February 21, he was taken into court on a stretcher and was sentenced to the penitentiary for a life term on the statutory rape conviction. Thereafter, he was indicted for the offenses of escape and aiding an escape and was returned to Winnebago County for trial on these charges in June of 1958. He was represented at the trial and in this appeal by an experienced trial attorney appointed by the court.

At the trial the sheriff, two jailers and seven other deputy sheriffs, Thomas Verkuilen and the chief depu-

ty clerk of the circuit court, testified on behalf of the State. The defendant testified in his own behalf. The gist of the defendant's testimony was that on the evening of February 20th, the doors of the jail were opened so he walked out with Verkuilen. With reference to his attack on the first jailer, he testified that he was defending himself as he was going out the door because the jailer was trying to hit him with some keys.

■ The testimony leaves no doubt whatsoever in our minds but that defendant Arbuckle was guilty of the crimes for which he is charged. We have examined his argument with respect to corpus delicti and the evidence being insufficient, but find no justification for these arguments.

■ Defendant contends that the conviction of the felony of statutory rape was not properly proved. It must be kept in mind that this was not offered for impeachment purposes. This proof was offered during the State's case in chief because one of the necessary elements of the charge against him under the Escape Statute was that at the time of his escape he was confined in jail on a felony charge. For the same reason the State also offered evidence tending to show that at the time of the escape Verkuilen was imprisoned on a misdemeanor conviction. To offer this proof the State called the deputy circuit clerk as a witness who read certain portions of the court records in plaintiff in error's statutory rape case and in Verkuilen's petty larceny case. The entire records in both of these cases were admitted in evidence as People's Exhibits 2 and 3. We feel that the records were properly introduced and that the two convictions were proved by the records. Whether the clerk should have been permitted to read portions of those records to the jury we feel was a matter within the province of the trial court.

It is urged that the court erred in admitting the testimony of one Michael Iasparro, deputy sheriff, pertaining

to a confession made by defendant at the hospital in the early morning of February 21, 1958, in violation of c 38, § 729, Ill Rev Stats (1957). The deputy sheriff who was listed as a witness on the indictment stated that he saw defendant lying on a table in the emergency room of the hospital. He asked the defendant what happened and what he had done. The defendant responded that he was glad he got caught because he was frozen to death and that he thought his ankle was "busted." The defendant stated that they, he and Verkuilen, had planned the escape for about a week, had obtained some soap and jammed the lock of the cell door. When the door jammed and the jailer entered the cell tier to shut the cell door, he struck the jailer in the face with a sock. As they went down the stairs, they met the other jailer and there was a scuffle. He stated that they then went into the interrogation room, pulled off the screen mesh and broke the window with the sock containing the soap. Defendant stated that Verkuilen went out the window first and he then followed. When he fell he felt pain in his ankle and ran across the street into a parking lot and crawled into the automobile where he was later found.

The State contends that the foregoing does not constitute a confession but rather a statement so that compliance with Section 729 was not required.

██ ██ We disagree. We feel that these statements made by defendant at the hospital constituted a rather complete confession. This is to be distinguished from a situation where a defendant simply makes statements or declarations of independent facts from which guilt may be inferred. See The People v. Stanton, 16 Ill2d 459, 466, 158 NE2d 47 (1959). However, this oral confession was made to a deputy sheriff, as aforesaid, whose name was endorsed on the indictment. Under these circumstances, this constituted substantial compliance with Section 729.

██ ██ During oral arguments before us counsel for the People acknowledged that error occurred during the cross-examination of the defendant, when he was questioned on having been in Stateville Penitentiary from 1950 until 1956. The prior conviction for the crime of statutory rape, a felony and necessary element of the offense being tried, had already been properly shown by the introduction of the record which discredited defendant's testimony. Cross-examination of the defendant on a 1950 conviction without introducing the record thereof was unnecessary to discredit defendant's testimony and was not a proper way to prove a prior conviction. People v. Smith, 63 Ill App2d 369, 380, 381, 211 NE2d 456 (2d Dist, 1965).

Conceding that error has been committed, the question is whether or not the errors above referred to are so prejudicial as to vitiate the jury verdicts. We note that with respect to the counts of the indictment charging the felony of escape, the sentence was a maximum sentence and was imposed by the trial court following the verdict. The sentence on the misdemeanor of assisting escape was fixed by the jury in the same duration as the sentence previously given Thomas Verkuilen on his petty larceny conviction. This was in accordance with the penalty provided by statute in such case.

In the People v. Sleezer, 9 Ill2d 57, at page 62, 136 NE2d 808, the Supreme Court stated:

> "The evidence here so clearly indicates defendant's guilt that we cannot say the result would have been different without trial irregularities. When the error complained of could not reasonably have affected the result, the judgment should be affirmed. (People v. Cardinelli, 297 Ill 116; People v. Haensel, 293 Ill 33.) The question is not whether the record is perfect but whether the defendant has had a fair trial and if his conviction is based on evidence establishing his guilt beyond a reasonable doubt."

258

And, again in The People v. Pelkola, 19 Ill2d 156, 166 NE2d 54 (1960), the Supreme Court opinion states at pages 162 and 163 as follows:

"We are of the further opinion, however, that the error of the trial court does not justify a reversal of the judgment of conviction. Error in the admission of evidence is harmless where the facts involved are established by other competent evidence, (People v. Grundeis, 413 Ill 145; People v. Crowe, 390 Ill 294,) particularly where such other evidence is conclusive on the issue of the guilt of the accused. (People v. Montgomery, 271 Ill 580; People v. Burger, 259 Ill 284.) Again, we have said that whether the admission of incompetent·evidence is sufficient ground to require reversal depends on the facts in each case, (People v. Bureca, 355 Ill 202; People v. Slattery, 312 Ill 202,) and have held that where the record contains sufficient competent evidence to establish the guilt of a defendant beyond reasonable doubt, the judgment will not be reversed for error in admitting evidence unless it can be seen that the error was prejudicial. (Citations omitted.)"

 In the case at bar there were ten witnesses besides the chief deputy clerk of the circuit court and Michael Iasparro, deputy sheriff, who testified in behalf of the People. Their evidence, without reference to any other alleged incompetent evidence, was sufficient to establish the guilt of the plaintiff in error beyond a reasonable doubt.

The court cannot conceive that any other verdict would be reached if the case was to be retried and we, accordingly, hold that the judgment of the Circuit Court of Winnebago County should be affirmed.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.