THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TOWANNA FRAZIER, Defendant-Appellee.

First District (3rd Division)   No. 1—94—0980

Opinion filed August 16, 1995.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James Navarre, and Adam Monreal, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Murray M. Coffey, Assistant Public Defender, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Defendant Towanna Frazier was charged with escape. Defendant filed a motion to dismiss, claiming that because a violation of probation was neither a felony nor a misdemeanor, there was no basis for the charge. In response, the State conceded that the statute (720 ILCS 5/31—6(c) (West 1992)) did not include a violation of probation as an underlying offense and that no Illinois case law existed permitting such use. The trial court dismissed the escape charge and the State now appeals.

Defendant was originally arrested on a burglary charge to which she pleaded guilty and received probation. From October to December 1991, defendant failed to report to her probation officer and a warrant was issued for her arrest for violating the conditions of her probation. Defendant was subsequently arrested, and while in custody of police, defendant escaped.

The escape statute provides:

"A person in the lawful custody of a peace officer for the alleged commission of a felony offense and who intentionally escapes from custody commits a Class 2 felony; however, a person in the lawful custody of a peace officer for the alleged commission of a misdemeanor offense and who intentionally escapes from custody commits a Class A misdemeanor." 720 ILCS 5/31—6(c) (West 1992).

Clearly, the key to the crime of escape is being under arrest for either a felony or a misdemeanor offense. Offense is defined as "a violation of any penal statute in this state." (720 ILCS 5/2—12 (West 1992).) Obviously, a violation of probation for failing to report to a

probation officer is not an offense. A criminal or penal statute is to be strictly construed in favor of the accused and nothing should be taken by intendment or implication by the obvious or literal meaning of the statute. *People v. Greer* (1991), 143 Ill. 2d 271, 278, 573 N.E.2d 814.

At the hearing on the motion to dismiss, the court requested case law interpreting Illinois' escape statute. Both parties admitted there was no law factually similar to the present case interpreting the escape statute.

Prior to sustaining defendant's motion and dismissing the charges against her, the trial court found that the language of the escape statute did not apply where a defendant, who was arrested on the basis of a warrant issued for violation of felony probation, and who subsequently escaped. After applying the above principles, we hold that since a violation of probation is not an offense, it cannot provide the basis for the underlying felony or misdemeanor offense requirement for escape.

Prior to the present provision for escape, section 31—6(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 31—6(c)) provided as follows:

> "[A] person in the lawful custody of a peace officer *** who intentionally escapes from custody commits a Class A misdemeanor."

Thus, in this case if the defendant had escaped from custody after she had been arrested for violation of probation during the time the prior escape statute was in force, she could have been prosecuted for the offense of escape. (*People v. Weinstein* (1921), 298 Ill. 264, 131 N.E. 631.) However, under the present escape statute, a person in the lawful custody of a peace officer must be under arrest for the "alleged commission" of either a felony or misdemeanor. "Alleged commission" indicates that there has been no conviction for a criminal offense prior to the escape. The statute implies that the State wants that person held in custody so that he may be prosecuted.

Also, the committee comments to section 31—6 state:

> "An escapee not yet convicted escapes from custody only under subsection (c)." 720 ILCS Ann. 5/31—6, Committee Comments—1961, at 488 (Smith-Hurd 1993).

The case of *People v. Boucher* (1979), 75 Ill. App. 3d 322, 394 N.E.2d 60, is in agreement with the committee comments referred to above. That case states:

> "For a person already convicted, the escape must be from a penal institution or from an employee of a penal institution ***, otherwise it is an escape from custody only within the proscrip-

tion of subsection (c). *An escapee not yet convicted escapes from custody only under subsection (c)."* (Emphasis in original.) *People v. Boucher*, 75 Ill. App. 3d at 325.

In this case, defendant Frazier has already been convicted of burglary and received a sentence of probation. If it had been proved that defendant had violated the conditions of probation, she would be subject to be resentenced to a term of imprisonment for the burglary conviction. Frazier was not in custody for the "alleged commission" of burglary and therefore, could not be prosecuted for escape under section 31—6 (720 ILCS 5/31—6 (West 1992)).

The State's arguments are unconvincing and without legal or logical support. Since defendant was under arrest for a violation of probation and the legislature has yet to classify this as a felony or misdemeanor offense, the dismissal of the escape charge by the trial court was proper.

In amending the escape statute to the present form, we cannot believe that the legislature intended that persons who escape from custody after being arrested for violations of probation should go unpunished. We suggest that the legislature amend the escape statute to include as an offense of escape the actions of the defendant in this case.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

GREIMAN, P.J., and RIZZI, J., concur.