THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STERLING ARDIE MOORE, Defendant-Appellant.

Fifth District  No. 5—97—1101

Opinion filed August 30, 1999.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James Creason, State's Attorney, of Salem (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Sterling Ardie Moore, appeals from his conviction, following a bench trial, for unlawful possession of a weapon by a felon (see 720 ILCS 5/24—1.1(a) (West 1996)). On appeal, defendant contends that he was denied the effective assistance of counsel because

trial counsel failed to file a motion to quash arrest and to suppress evidence and because in defendant's posttrial motion posttrial counsel failed to allege trial counsel's deficiencies. We reverse and remand for the reasons set forth below.

## FACTS

On March 22, 1997, Officer Alan Rose, a patrolman for the City of Centralia, was looking for Mark McClain, a suspect who allegedly committed a battery "sometime earlier." Rose was told that McClain might be staying at 402 North Maple Street, so he went to that location. When Rose arrived, defendant was in a vehicle leaving the driveway of the apartment building. Rose pulled his marked car in front of the driveway to prevent defendant from leaving, because he thought perhaps McClain was in the vehicle. Defendant was the only person inside the car. Rose admitted that defendant had to stop when Rose blocked the driveway with the patrol car.

Rose, who was in uniform, got out of his patrol car and gestured to defendant to back his car up so that Rose could pull into the driveway. Instead, defendant looked at him a "few minutes," got out of the car, and ran. Rose chased after defendant. Rose thought he saw defendant pull a gun from his right rear pocket and throw it during the chase. Rose recognized defendant when defendant exited the car, and he knew that defendant was not McClain. Rose had no arrest warrants for defendant. Rose knew that defendant was a convicted felon.

Officer James Ramsey, another Centralia police officer, assisted Rose at 402 North Maple Street. When Rose began his foot chase of defendant, he and defendant were at the southwest corner of the building and Ramsey was at the northeast corner. Rose radioed Ramsey that he thought defendant had a weapon. When defendant ran towards Ramsey, Ramsey drew his gun and told defendant to stop. Defendant stopped, put his hands in the air, and dropped to the ground. Ramsey and Rose arrested and handcuffed defendant approximately 150 feet from defendant's car. No weapon was found by the officers outside of defendant's car.

Ramsey looked into defendant's car after his arrest and saw a "green zippered" gun case in "plain view" between the driver's seat and the console. Ramsey retrieved and opened the case. A gun and a speed loader were found inside. Ramsey gave Rose the gun.

Defendant was taken to the police department and was given his *Miranda* warnings (*Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)). Rose asked defendant about the "other weapon" defendant threw during the chase. Defendant denied he had a weapon on him when he ran. At that time, Rose stopped defendant's

interview. A "short time later," Rose again spoke to defendant, and defendant told Rose that he ran because, while in the car, defendant reached down and felt the gun.

The trial court found defendant guilty of unlawful possession of a weapon by a felon and sentenced defendant to two months' incarceration in the Marion County jail and to 30 months' probation. Defendant appeals.

## ANALYSIS

On appeal, defendant contends that he received ineffective assistance of counsel because his trial attorney did not file a motion to quash arrest or to suppress evidence and because his posttrial counsel failed to raise that issue in defendant's posttrial motion. Defendant argues that his arrest was illegal because the police had no probable cause to arrest him. Defendant asserts that his flight from the police was insufficient to establish probable cause. Defendant asserts that because his arrest was illegal, the gun and his statements made at the police station also must be suppressed.

Defendant also contends that there was no independent basis to justify the search of his car, *i.e.*, the police had no warrant, the search of his car was not incident to a lawful arrest, and the gun was not in plain view. Defendant claims that the car was not searched as a result of a lawful arrest since he was arrested and handcuffed 150 feet from the car, and he further asserts that the plain-view exception for a warrantless search did not apply as the gun could not be seen through the case. Defendant claims that had his counsel filed a motion to quash arrest and to suppress evidence, he most likely would have succeeded on the motion and the outcome of his trial would have been different. Therefore, defendant claims that his trial counsel was ineffective. Further, defendant contends that because the issue of trial counsel's failure to file a motion to quash arrest and to suppress evidence was not raised in his posttrial motion, posttrial counsel was also ineffective.

The State argues that defendant's counsel was not ineffective because the police had probable cause to arrest defendant when Rose, who knew that defendant was a convicted felon, saw defendant pull a gun from his pocket when he ran from Rose. The State further argues that there was probable cause to search defendant's car because defendant had just been arrested, so the search was incidental to a lawful arrest. Additionally, the State asserts that the gun was properly seized under the plain-view doctrine. Lastly, the State asserts that defendant's statements at the police station were incriminating, were given voluntarily after waiving his *Miranda* rights, and were sufficient to convict him. The State posits that because defendant's rights were

not violated, filing a motion to quash arrest and to suppress evidence would have been futile and defendant's counsel was not ineffective for failing to do so.

A defendant's constitutional right to be represented by competent counsel originates in the sixth amendment. U.S. Const., amend. VI. The standard for evaluating whether counsel's performance meets the sixth amendment right to the effective assistance of counsel was developed and articulated in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The *Strickland* standard was adopted by this state in *People v. Albanese*, 104 Ill. 2d 504 (1984). The *Strickland* standard is two-pronged: first, a defendant must show that his counsel's performance was defective, and second, a defendant then must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Albanese*, 104 Ill. 2d at 525.

A failure to file a motion to quash arrest and suppress evidence is not *per se* incompetence of counsel, but each case must be judged upon the circumstances therein. See *People v. Fernandez*, 162 Ill. App. 3d 981 (1987). If counsel's failure to file a motion to quash arrest and suppress evidence is determined to be a tactical decision or if there is not a reasonable probability that the result of defendant's trial would have been different even without counsel's failure, defendant's claim of incompetent counsel will fail. See *Fernandez*, 162 Ill. App. 3d at 987-88. The question of whether there is a reasonable probability that the result of the proceeding would have been different absent counsel's unprofessional errors does not rest upon whether there was sufficient evidence remaining to convict a defendant. See *People v. Moore*, 279 Ill. App. 3d 152 (1996). The test is whether a defendant received a fair trial, *i.e.*, one that results in a verdict worthy of confidence. See *Moore*, 279 Ill. App. 3d at 160-61. "Effective assistance of counsel functions to assure prosecutions constrained by rules of evidence and procedure designed to assure fairness." *Moore*, 279 Ill. App. 3d at 156. Defendant first contends that a motion to quash arrest should have been filed because his arrest was illegal. Defendant asserts that the police had no probable cause to arrest him. Defendant argues that flight from the police, alone, is insufficient to establish probable cause, and defendant reasons that since there was no evidence that he had a weapon on him either immediately before or at the time of his arrest, the police did not have probable cause to arrest defendant for unlawful possession of a weapon by a felon.

A warrantless arrest can be made whenever a police officer has reasonable grounds to believe that a person is committing or has committed an offense. See 725 ILCS 5/107—2(1)(c) (West 1996); *People v.*

*Jones*, 245 Ill. App. 3d 302 (1993). Whether an officer had probable cause to arrest without a warrant is based upon the totality of the circumstances and facts known to the officer at the time of the arrest. See *Jones*, 245 Ill. App. 3d at 306. More than mere suspicion is necessary, but evidence sufficient to convict is not required. See *People v. Doyle*, 233 Ill. App. 3d 706 (1992). Probable cause to arrest is based upon the practical considerations of everyday life, bearing in mind an officer's underlying responsibility to prevent crime, to apprehend criminals, and to act quickly in appraising information. See *Doyle*, 233 Ill. App. 3d at 713. Flight from police officers, without more, is insufficient to justify an arrest. See *People v. Wardlow*, 183 Ill. 2d 306 (1998), *cert. granted*, 526 U.S. 1097, 143 L. Ed. 2d 669, 119 S. Ct. 1573 (1999).

■ Here, Rose stopped defendant's vehicle on private property. When defendant exited the car, Rose knew that defendant was not the person he sought. Rose had no warrants for defendant's arrest. When Rose stopped defendant's car, Rose was not aware that defendant had committed or was committing a crime. Up until the time Rose thought he saw defendant throw a weapon as he ran from Rose, Rose had no reason to arrest defendant. The police actions were not questioned by counsel, and counsel did not file a motion to quash arrest, which would have subjected the police officers' actions to adversarial testing. Counsel should have considered a challenge to the police actions in stopping and arresting defendant under the foregoing circumstances.

Defendant next contends that a motion to suppress evidence should have been filed to challenge the search of his vehicle. Defendant contends that if his arrest was illegal, the warrantless search of his car and the evidence of the gun should have been suppressed as the fruit of the poisonous tree. See *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963). Alternatively, defendant contends that if his arrest was legal, the search of his car was not justified either as incidental to a lawful arrest or under the plain-view doctrine. Defendant argues that since he was arrested and handcuffed 150 feet from the car, the car was not within his immediate vicinity. Further, the officers had no need to search the car to insure their safety. Defendant claims that the plain-view doctrine is inapplicable because the gun was in a case and not in plain view.

■ A search incidental to a lawful arrest must be confined to a search of the person arrested and the area within the person's immediate control for the purpose of, *e.g.*, protecting the police from harm or discovering the fruits of a crime. See 725 ILCS 5/108—1(1)(a), (c) (West 1996); *People v. Valdez*, 81 Ill. App. 3d 25 (1980). The area within a defendant's immediate control has been construed to mean the area

from which he might gain possession of destructible evidence or a weapon. See *Valdez*, 81 Ill. App. 3d at 28. Under *Valdez*, the arrest of a defendant 50 to 100 feet from his car did not justify the search of the car as incidental to a lawful arrest.

■ Here, defendant was arrested 150 feet from the vehicle and was handcuffed. Defendant did not have immediate access to the car at the time of his arrest. The officers had no reason to fear for their safety when Ramsey went to the car, saw the case, and retrieved and opened the case. If a hearing had been conducted on a motion to suppress, evidence could have been presented on the particulars of why the officers thought defendant discarded a gun outside of the car and whether there was any reason for the police to search inside the car to obtain the fruits of a crime. Again, a reasonably effective lawyer would have challenged the seizure of the gun, through a motion to suppress evidence. This was not done and the officers' actions were not subjected to reasonable adversarial testing.

Defendant also contends that the gun was not properly seized under the plain-view doctrine. Ramsey saw a "green zippered" case through the car window. Ramsey had to enter the car and remove and open the case in order to find the gun used to support defendant's conviction. Under *People v. Salter*, 91 Ill. App. 3d 831 (1980), a warrantless search of a closed case that was in plain view on the back seat of the defendant's car was held to be improper under the plain-view doctrine because the contents of the case were not visible. Once again, by not filing a motion to suppress evidence, counsel allowed the State to admit the gun into evidence without challenging the method by which it was obtained. There is a reasonable possibility that if it had been challenged, the trial court would have found the search of the contents of the "green zippered case" improper under the plain-view doctrine.

■ Lastly, defendant claims that his statements to Rose at the police station were a product of his illegal arrest and should have been suppressed. If defendant's arrest was illegal, then his statements were the fruits of the poisonous tree and should have been suppressed. See *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963). This issue rests upon a determination as to whether defendant's arrest was legal and should have been challenged through a motion to quash. Defendant's attorney did not subject defendant's statements to Rose to any adversarial testing but let the statements be admitted without question.

Basically, the method to challenge the constitutionality of a defendant's arrest, the search of his vehicle, and the admissibility of his statements to the police is through a motion to quash arrest and to

suppress evidence. See *People v. Van De Rostyne*, 63 Ill. 2d 364 (1976). Under the circumstances presented in this case, a reasonably effective lawyer would have filed motions to quash arrest and to suppress both the seized evidence and defendant's statements. Counsel's failure to file these motions deprived defendant of an opportunity to challenge the police officers' actions and of the *only* defense available to defendant given the evidence presented at trial. To call these omissions by counsel a tactical decision defies logic. While we cannot determine what the outcome of a hearing on motions to quash arrest and to suppress evidence and statements would have been, we can state that, without the motions, confidence in the result of defendant's trial is greatly undermined. Therefore, we find that defendant was deprived of the effective assistance of counsel. Similarly, because posttrial counsel failed to allege in a posttrial motion trial counsel's deficiencies, posttrial motion counsel was also ineffective. Although defendant seeks outright reversal of his conviction without remand, we think that the better approach is to reverse his conviction and remand for further proceedings. Presumably a suppression motion will then be considered, and the parties will have the opportunity to present any further evidence that may be available. We reverse and remand this case so that further proceedings may be held in accordance with this opinion.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Marion County is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

CHAPMAN and WELCH, JJ., concur.