No. 2--01--1118

______________________________________________________________________________

IN THE 

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE 
  
)
 
Appeal from the Circuit

OF ILLINOIS,
  
)
 
Court of Stephenson County.

  
)

Plaintiff-Appellee,
  
)

  
)
 
No. 01--CF--135

  
)

  
)

JAMES A. BREXTON,
  
)
 
Honorable

  
)
 
Charles R. Hartman,

Defendant-Appellant. 
  
)
 
Judge, Presiding.

______________________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE BOWMAN delivered the opinion of the court: 

In 2001, following a jury trial, defendant, James A. Brexton, was convicted of escape (720 ILCS 5/31--6(c) (West 2000)).  Because his conviction qualified as a Class X felony, the court sentenced him to six years’ imprisonment.  He now appeals his conviction.  

The following was adduced at trial.  On June 3, 2001, in Freeport, police officer Fred Cass responded to a dispatch indicating that a suspected shoplifter was on a bicycle behind the local K mart store.  When Cass arrived on the scene, he saw defendant standing behind the store with a bicycle between his legs.  He then observed defendant putting something, later discovered to be a DVD player, into an Aldi shopping bag
 .  Cass arrested defendant for retail theft.

Following the arrest, Cass turned defendant over to police officer Aaron Dykema to transport him to the Freeport police department.  After handcuffing defendant and bringing him to the station, Dykema commenced the usual booking procedures.   

After booking defendant, Dykema placed defendant in a holding room.  He left defendant in the room by himself and walked across the hall to obtain a 
Miranda
 waiver form, because he intended to ask defendant to make a statement.  When he returned to the holding room, defendant was not there.  Defendant had left the station.  About a week later, Officer Cass saw defendant and a foot chase ensued.  Cass arrested him and defendant was subsequently charged with escape.  

At trial, defendant’s counsel attempted to question Cass regarding his reasons for arresting defendant.  After the State’s objection, defendant’s counsel argued that it was necessary to elicit Cass’s reasoning to determine if probable cause existed to take defendant into custody.  The court sustained the State’s objection, ruling that the determination of whether probable cause existed was a question of law for the court to decide.  Then, during closing arguments, defendant’s counsel attempted to argue that the State was required to prove that defendant was in custody for the commission of a felony.  The court again upheld the State’s objection, ruling that it was not an element of the offense of escape.

On appeal, defendant contends that the court erred by denying him the opportunity at trial to question Officer Cass regarding the existence of probable cause to effectuate an arrest.  He also argues that the State was required to prove as an element of the crime of escape that defendant was in custody for the commission of a felony.  Last, he asserts that he was denied a fair trial because the jury saw him in leg irons before he took the stand to testify.  We affirm.  

Defendant was convicted of escape under section 31--6(c) of the Criminal Code of 1961 (Code) (720 ILCS 5/31--6(c) (West 2000)).  Section 31--6(c) states:

"A person in the lawful custody of a peace officer for the alleged commission of a felony offense and who intentionally escapes from custody commits a Class 2 felony; however, a person in the lawful custody of a peace officer for the alleged commission of a misdemeanor offense and who intentionally escapes from custody commits a Class A misdemeanor."  720 ILCS 5/31--6(c) (West 2000).

Because defendant challenges the court’s construction of section 31--6(c), our review in this matter is 
de
 
novo
.  
People v. Hart
, 313 Ill. App. 3d 939, 941 (2000).

First, defendant argues that the phrase "lawful custody" in section 31--6(c) requires the State to show that the arresting officer possessed probable cause to take defendant into custody.  He maintains that the element of "lawful custody" is synonymous with probable cause and that proving this element of escape requires a jury finding of the existence of probable cause.  Thus, he believes that his counsel should have been allowed the opportunity to question Officer Cass regarding his reasons for arresting defendant.

Defendant did not challenge the legality of his arrest by filing a motion to suppress.  We note that defendant has not asked us to decide if his arrest was illegal.  Moreover, we have not been asked to decide whether defendant’s conviction would be void as a consequence of an illegal arrest on the underlying offense of retail theft.  Rather, defendant has raised a more limited set of questions, namely, whether the State had a burden to demonstrate that probable cause existed when defendant was taken into custody for retail theft and if it was within the province of the jury to make a determination that the State had met this purported burden. 

Under section 107--2(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/107--2(c) (West 2000)), a police officer may arrest a person when he has reasonable grounds to believe that the person is committing or has committed an offense.  Our supreme court has held that the "reasonable grounds" standard is synonymous with probable cause.  
People v. Holveck
, 141 Ill. 2d 84, 95 (1990).  "Probable cause exists when the totality of the facts and circumstances known to the officer making the arrest is such that a reasonably prudent person would believe that the suspect is committing or has committed a crime."  
People v. Miller
, 212 Ill. App. 3d 195, 201 (1991).  The language of section  31--6(c) does not state that probable cause is required to find that a defendant is in "lawful custody."  720 ILCS 5/31--6(c) (West 2000).  Moreover, the existing case law interpreting section 31--6 leads us toward a conclusion that probable cause is not an underlying element of escape.            

In 
People v. Kosyla
, 143 Ill. App. 3d 937, 951 (1986), a defendant charged with escape under section 31--6(c) argued that the police never established "custody."
  There, police responding to a neighbor’s complaint about disorderly conduct confronted a belligerent defendant, who was playing his music too loudly.  
Kosyla
, 143 Ill. App. 3d at 951-52. The police officer told the defendant that he was under arrest.  In response, the defendant ran toward his house saying he was going to call his lawyer.  Instead, he ran behind his house and climbed over his fence to elude police.  He was later arrested after the police secured a warrant.  
Kosyla
, 143 Ill. App. 3d at 952. We stated that "[b]ased on these facts, the defendant was not yet ˈin the lawful custody of a peace officerˈ as that phrase is used in section 31--6(c)."  
Kosyla
, 143 Ill. App. 3d at 952. 

Later in 
People v. Lauer
, 273 Ill. App. 3d 469, 474 (1995), a defendant argued that he was not proven guilty beyond a reasonable doubt "because his arrest was never completed and he was never in the lawful custody" of a police officer.  In 
Lauer
, the court stated that, in contrast to 
Kosyla
, the police did more than just announce the defendant was under arrest.  
Lauer
, 273 Ill. App. 3d at 474. The officer had restrained the defendant and physically moved him from the back to the front room of a house before the defendant broke free and ran out the back door of the house.  
Lauer
, 273 Ill. App. 3d at 474. As a result, the court held that this was sufficient evidence for the jury to convict the defendant of escape.  
Lauer
, 273 Ill. App. 3d at 474.  

We extract two important points from 
Kosyla
 and 
Lauer
.  First, both cases define "lawful custody" by looking at the control exercised by the police over the defendant.  Second, neither case searches for the existence of probable cause to determine if the "lawful custody" element of section 31--6(c) has been satisfied under the given factual situation.  

Other cases have held that, even if an underlying charge or indictment is found to be invalid, the escape charge is unaffected.  In 
People v. Hill
, 17 Ill. 2d 112, 115 (1959), the defendant attempted an "attack upon the sufficiency of the proof to establish his guilt beyond a reasonable doubt, on the theory that because the indictment [for burglary] was defective there was no competent proof that he was lawfully held in custody."  The supreme court decided that, even if the indictment under which the defendant was held was invalid, its validity could not be challenged in that case.  
Hill
, 17 Ill. 2d at 116.  The court stated that more orthodox procedures than escape are available to procure release of those who are unlawfully held in custody.  
Hill
, 17 Ill. 2d at 116.  The court later reaffirmed this position in 
People v. Nastasio
, 30 Ill. 2d 51, 58 (1963).

Usually, the method to challenge any alleged illegality of a defendant’s arrest is through a motion to quash arrest and to suppress evidence.  See  725 ILCS 5/114--12 (West 2000)
; 
People v. Moore
, 307 Ill. App. 3d 107, 113 (1999).  A defendant filing such a motion has the initial burden to establish a 
prima
 
facie
 case that the police lacked probable cause to arrest.  
People v. Riszowski
, 22 Ill. App. 3d 741, 746 (1974). 

Thus, given that (1) section 31--6 does not mention probable cause, (2) the case law is contrary to defendant’s position, and (3) the usual challenge to probable cause places the initial burden on the defendant, we conclude that the State did not have the burden to demonstrate that probable cause existed when defendant was taken into custody for retail theft.  Accordingly, we further reject defendant’s contention that the issue of probable cause was a question to be presented to the jury.

Next, during closing arguments, defendant’s counsel attempted to argue that the State was required to prove as an element of the crime of escape that defendant was in custody for the commission of a felony.  Defendant asserts that the trial court improperly denied his counsel the opportunity to comment on the issues instruction for escape given to the jury.  We find that the trial court correctly prohibited counsel’s commentary because he was trying to add an element that was inappropriate for the jury to decide.

The issues instruction given to the jury read:

"To [s]ustain the charge of escape, the State must prove the following propositions:

First
 
Proposition
: That the defendant was in the lawful custody of a peace officer; and 

Second
 
Proposition
: That the defendant was in custody for the alleged commission of [r]etail theft; and

Third
 
Proposition
: That the defendant intentionally escaped from custody."

See Illinois Pattern Jury Instructions, Criminal, No. 22.28 (4th ed. 2000) (hereinafter IPI Criminal 
4th No. 22.28).  During closing arguments, defendant’s counsel attempted to attach an additional element to this list, namely, that defendant was in custody for the commission of a felony.  The offense of retail theft (720 ILCS 5/16A--3 (West 2000)) can be either a felony or misdemeanor, depending on the value of the stolen property or if the defendant has prior convictions (720 ILCS 5/16A--10 (West 2000)).

Here, the proper approach for defendant to voice his belief that the State was required to prove an additional element was to object to the issues instruction as given and to offer alternative instructions to the trial court.  
People v. Pisani
, 180 Ill. App. 3d 812, 817 (1989).  However, defendant did not object at trial to these instructions, nor did he offer any alternative instructions.  When a party does not object at trial to a claimed error in jury instructions and fails to offer alternative instructions, he waives the question on appeal.  
Pisani
, 180 Ill. App. 3d at 817.

Defendant requests that we apply the plain-error exception to the waiver rule.  Where instructions do not describe any criminal act or conduct or fail to define a material element of the offense, they constitute plain error.  
People v. Ogunsola
, 87 Ill. 2d 216, 222 (1981).  We believe the instructions given did not constitute error.  Rather, they adequately informed the jury of both the nature of the criminal act and the elements necessary to support defendant’s conviction.  Similar to our conclusion on probable cause, we find that the nature of the offense for which defendant was in custody at the time of his escape, either felony or misdemeanor, was a question of law for the trial court.  

People v. Cunitz
, 45 Ill. App. 3d 165 (1977), is instructive on this issue.  In 
Cunitz
, the defendant was serving a sentence for felony theft.  
Cunitz
, 45 Ill. App. 3d at 167.  While in the county jail, the defendant and three others overpowered the jailer and escaped from the jail.  
Cunitz
, 45 Ill. App. 3d at 167.  In the process, the prisoners ransacked the booking room and stole approximately $355, along with some knives and watches.  
Cunitz
, 45 Ill. App. 3d at 168.  The defendant was eventually caught, brought to trial, and convicted on the charges of felony theft and felony escape.  
Cunitz
, 45 Ill. App. 3d at 168.

On appeal, the defendant, 
inter
 
alia
, challenged the convictions on the grounds that neither the instructions nor the verdict forms informed the jury of all of the material elements of the offenses charged.  
Cunitz
, 45 Ill. App. 3d at 168-71.  On felony theft, the defendant asserted that the instructions should have informed the jury that the value of the stolen property was a material element of the offense.  
Cunitz
, 45 Ill. App. 3d at 168.  The Appellate Court, Fifth District, agreed with the defendant that the value of the stolen items was a material element of the offense of felony theft and that the jury had not been apprised of that element.  
Cunitz
, 45 Ill. App. 3d at 170.  The court determined that the jury made no specific finding of the value of the stolen goods and, consequently, the verdict rendered did not support a conviction of felony theft.  
Cunitz
, 45 Ill. App. 3d at 170.

Then, on felony escape, charged under section 31--6(a) (escape from a penal institution), the defendant averred that neither the issues instructions nor the jury verdict forms provided any indication that he was incarcerated for a felony at the time of his escape.  
Cunitz
, 45 Ill. App. 3d at 170-71.  Thus, he argued that the jury did not determine a material element of the offense and that the verdict supported only 
a conviction of misdemeanor escape.  
Cunitz
, 45 Ill. App. 3d at 170-71. 

The court held that "[p]roof that defendant was in a penal institution for a felony at the time of his escape is the essential element that distinguishes the offense of felony escape from misdemeanor escape."  
Cunitz
, 45 Ill. App. 3d at 171.  Even so, the court continued by stating:

"Although this element of felony escape was not presented for jury determination, we have nevertheless determined that no error occurred.  We have reached this conclusion because the nature of the offense for which defendant was incarcerated at the time of his escape, either felony or misdemeanor, is a question of law, not of fact.  As such, it is to be determined by the court, not the jury, and consequently defendant has not been deprived of his constitutional right to a jury trial." 
Cunitz
, 45 Ill. App. 3d at 171.

The court then stated that it would be good practice for the trial court to instruct the jury that the defendant at the time of the incident was incarcerated for a felony and that a person who escapes from confinement when incarcerated for a felony is guilty of felony escape.  
Cunitz
, 45 Ill. App. 3d at 171-72.  However, the appellate court found that the failure to give such an instruction was harmless because the "nature of the crime for which defendant was confined at the time of his escape is, after all, immaterial to the question of whether an escape was made."  
Cunitz
, 45 Ill. App. 3d at 172.  The proof of the felony nature of the crime for which the defendant was held could be submitted to and determined from the record by the trial court at the time of sentencing.  
Cunitz
, 45 Ill. App. 3d at 172.    

Thus, based on our examination of 
Cunitz
, we agree with defendant that the characterization of the underlying offense as a felony or misdemeanor is a material element of escape.  Beyond 
Cunitz
, this point is supported by both the plain language of section 31--6(c) and 
People v. Frazier
, 274 Ill. App. 3d 990, 992 (1995).  However,  we disagree that this was a question for the jury to decide.  The nature of the retail theft offense, either felony or misdemeanor, for which defendant was in custody at the time of his escape was a question of law.  Thus, it was the trial court's place to decide this issue.  It did not fall within the domain of the jury.  

On a related note, we have observed that at least one case from Pennsylvania, 
Commonwealth v. Janis
, 400 Pa. Super. 280, 583 A.2d 495 (1990), has held that, in a factual situation similar to that in the present case, the police officers must have actual knowledge of the defendant's prior convictions at the time of the escape in order to sustain the charge of felony escape.  
Janis
, 400 Pa. Super. at 285, 583 A.2d at 498.  However, following the proper construction of the Illinois escape statute, we find that section 31--6(c) does not require the custodial police officers to have actual knowledge of the defendant's prior convictions at the time of escape in order to sustain a charge of felony escape.  

Once again, section 31--6(c) states in part that "[a] person in the lawful custody of a peace officer for the 
alleged commission of a felony offense
 and who intentionally escapes from custody commits a Class 2 felony."  (Emphasis added.) 720 ILCS 5/31--6(c) (West 2000).  The 
Frazier
 court helped define "alleged commission" by stating that the phrase indicates that there has been no conviction of a criminal offense prior to the escape.  
Frazier
, 274 Ill. App. 3d at 992.  The Code defines a felony as "an offense for which a sentence to death or to a term of imprisonment in a penitentiary for one year or more is provided."  720 ILCS 5/2--7 (West 2000).  Also, under the Code, an offense "means a violation of any penal statute of this State."  720 ILCS 5/2--12 (West 2000).

In this case, we do not believe that section 31--6(c) required the police to know of defendant's prior convictions before the escape.  At the time defendant escaped from police custody, he had already allegedly committed the offense of felony retail theft.  Consequently, he had allegedly committed the offense, retail theft under section 16A--3 of the Code (720 ILCS 5/16A--3 (West 2000)), and, in any subsequent prosecution for that offense, it would be classified as a felony under section 16A--10(2) of the Code (720 ILCS 5/16A--10(2) (West 2000)).  Indeed, all of the requisite facts were in place, and the felony nature of the underlying offense as a material element of section 31--6(c) existed at the time of defendant's escape.  We recognize that the booking procedures may not have advanced to the point to allow the police to articulate the felony nature of defendant's act of retail theft.  The fact remains, the police held defendant for the "alleged commission" of the offense of retail theft and, given defendant's prior convictions at the time of the incident, the offense was a felony under section 16A--10(2) of the Code.     

As a  practical matter, it would make little sense to apply the statute in a way that would encourage defendant's escape.  If we adopted the 
Janis
 view, we would essentially be rewarding the good timing of defendant's escape.  The escape statute clearly does not intend such a result.  Accordingly, we reject the view advanced in 
Janis
. 

As a final point on this issue, the appellate court noted in 
Cunitz
 that proof of the nature of the crime for which the defendant was held in custody could be submitted to and determined from the record by the trial court at the time of sentencing.  It is clear from the record that the trial court justifiably concluded that defendant's offense qualified as a felony based on his prior convictions.

In his last argument, defendant asserts for the first time that he was denied a fair trial because the jury saw him in leg irons before he took the stand to testify.  We deem this issue waived.  

To preserve an alleged error that could have been raised during trial, the defendant must make a trial objection and file a written posttrial motion raising the issue.  
People v. Enoch
, 122 Ill. 2d 176, 186 (1988).  Failure to meet this requirement results in waiver of the alleged error.  
Enoch
, 122 Ill. 2d at 186.  Here, this alleged error was not objected to at trial or included in defendant’s posttrial motion for a new trial.  Consequently, the issue is waived.

For the aforementioned reasons, we affirm the judgment of the circuit court of Stephenson County. 

Affirmed.

HUTCHINSON, P.J., and GILLERAN JOHNSON, J., concur.